■ HOWARD J. STIRLING, Appellant, v 107 OAKLAND PLACE, INC., et al., Respondents.—Order unanimously affirmed with costs. Memorandum: The court properly dismissed the complaint pursuant to CPLR 3211 for failure to state a cause of action. With respect to the sixth cause of action asserting a violation of Real Property Law § 235-f, plaintiff has failed to allege damages. Although he does allege that he expended attorney's fees in opposing the eviction notice and bringing this action, under the general rule, absent an express contractual allegation or specific statutory authority, such expenses are not recoverable as an item of damages *(see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22; *Dunkel v McDonald,* 272 App Div 267, 272, *affd* 298 NY 586; *Clason v Nassau Ferry Co.,* 20 Misc 315, *affd* 27 App Div 621). (Appeal from order of Supreme Court, Erie County, Ricotta, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ BONNIE J. DWYER et al., Appellants, v HENRY SCHOENECK, Respondent.—Judgment unanimously affirmed without costs. Memorandum: The court did not err when it instructed the jury that it could draw no inference from the pathology report concerning the condition of the parametrial tissue. There was no reference in the report to that structure and no evidence that any portion of it had been sent to the pathologist or was examined by him.

Plaintiff contends that defendant, in his examination before trial, admitted that there is a presumption that a tissue is normal if it is not referred to in the pathology report. Defendant's statement, however, pertained only to a tissue listed in the body of a report as having been examined, but not discussed in the final diagnosis.

We have examined the record and we find no improper restriction of plaintiff's right to cross-examination. (Appeal from judgment of Supreme Court, Cayuga County, Corning, J.—medical malpractice.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ DONALD E. MILMORE, Appellant, v CARLTON HOLMES et al., as Members of the Zoning Board of Appeals of the Village of Fayetteville, Respondents.—Judgment unanimously affirmed without costs for reasons stated at Special Term, Balio, J. (Appeal from judgment of Supreme Court, Onondaga County, Balio, J.—art 78.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.