*527 OPINION OF THE COURT
Memorandum.
Judgments unanimously reversed with $30 costs and petitions dismissed.
In these separate nonpayment proceedings, consolidated for appeal purposes, counsel fees were awarded to the petitioner, the owner of a mobile home park. The underlying facts were not in dispute. When tenant moved into the park in 1987, he did not sign a lease but was given a copy of the rules and regulations of the park which he did sign. In 1988 the rules and regulations were amended to provide for the payment of counsel fees to the landlord in the event tenant breached the provisions of the rules and regulations. These amendments were properly sent to the tenant, with sufficient notice being given to him as required by law (see, Real Property Law § 233 [¶] [1], [4])- These new amendments were not signed by the tenant. In each of the nonpayment proceedings, the court awarded counsel fees to the petitioner based on the provision in section 233 which permitted and anticipated that amendments to the rules and regulations would be made by the owner of the park, especially in view of the fact that tenant had signed the first set of rules and regulations and that they provided notice that they might be changed in the future.
Section 233 is known as the "Mobile Home Owners Bill of Rights” and is a comprehensive, all-encompassing and preemptive section setting forth the respective duties and obligations of mobile home owners and tenants. This section is carefully drafted and differentiates between the usage of the word "lease” and the phrase "rules and regulations”. Subdivision (o) of section 233 provides in part that "Whenever a lease shall provide that in any action or summary proceeding the mobile home park owner or operator may recover attorney’s fees and/or expenses” (emphasis added). The section goes on to note that its construction shall be in accordance with the provisions of Real Property Law § 234 which call for the payment of counsel fees when same are included within a lease and the lease is in writing and signed by the party to be charged (see, Stirling v 107 Oakland Place, 133 AD2d 523; see also, Mauala v Milford Mgt. Corp., 559 F Supp 1000 [oral lease not sufficient basis for counsel fees]).
In the case at bar, while the original rules and regulations were initially signed by the tenant they made no mention of counsel fees as additional rent and therefore they may not be *528 included in a summary proceeding. While they anticipated amendments in futuro, the 1988 amendments, which provided for the payment of counsel fees ás additional rent, were not in any form a "lease”, and therefore, in the opinion of this court, cannot serve as a basis for the imposition of counsel fees. Such fees would have been recoverable if they were included in a lease sent to the tenant and signed by him. It is not necessary to pass on the remaining issues raised by the tenant.
Stark, J. P., Collins and Ingrassia, JJ., concur.