■ UNIVEC, INC., Respondent, v AMERICAN HOME PRODUCTS CORPORATION et al., Appellants. [697 NYS2d 71] —In an action, *inter alia,* to recover damages for fraud, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated November 25, 1998, as denied those branches of their motion which were to dismiss the first, second, and third causes of action, and so much of the fourth cause of action as asserted claims sounding in prima facie tort and breach of fiduciary duty.

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss so much of the fourth cause of action as asserted claims sounding in prima facie tort and breach of fiduciary duty and substituting therefor a provision granting that branch of the motion which was to dismiss the fourth cause of action in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that "[g]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support the claim" to recover damages for fraud (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318). However, accepting the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible inference (*see, Leon v Martinez,* 84 NY2d 83, 87-88), the Supreme Court correctly determined that the first, second, and third causes of action in the verified complaint sufficiently allege that the appellants fraudulently induced the plaintiff to enter into the contracts with them (*see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-407; *Sabo v Delman,* 3 NY2d 155, 160; *see also, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954).

The appellants are correct, however, that the plaintiff's fourth cause of action should have been dismissed in its entirety. To the extent that the court concluded that the plaintiff's fourth cause of action stated a cause of action to recover damages for breach of fiduciary duty, it was incorrect, as the plaintiff did not allege facts sufficient to transform its business relationship with the appellants into a fiduciary relationship

(*see, Blum v New York Stock Exch.,* 253 AD2d 835; *Chester Color Separations v Trefoil Capital Corp.,* 222 AD2d 276). Similarly, the court incorrectly determined that the plaintiff's fourth cause of action stated a cause of action sounding in prima facie tort, as "disinterested malevolence" to injure the plaintiff was not the sole motivation for the appellants' alleged acts (*Schlotthauer v Sanders,* 143 AD2d 84, 85; *see, Weaver v Putnam Hosp. Ctr.,* 142 AD2d 641). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.