■ JOHN P. D'AMBROSIO, Appellant, v PAUL T. ENGEL et al., Respondents. [741 NYS2d 42] —In an action, inter alia, to recover damages for prima facie tort, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered September 27, 2001, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff entered into a written agreement with the defendants to purchase a sailboat for the sum of $175,000. The agreement required the plaintiff to deposit $10,000 in escrow with the defendants' attorney, Philip J. Vecchio, pending the sale. If the sailboat did not meet the plaintiff's "sole approval," the agreement would be void and the deposit was to be returned to the plaintiff. After an inspection and sea trial, the plaintiff notified the defendants that the sailboat and its inventory did not meet with his approval and that he expected the return of his deposit in accordance with the agreement. In response, the defendants claimed that the plaintiff acted in bad faith and Vecchio refused to return the deposit.

The plaintiff commenced an action against Vecchio, as escrow agent, in the Supreme Court, Westchester County, in September 1998 to recover the deposit. The defendants herein were not named as parties to that action. The plaintiff was awarded judgment in that action in the principal sum of $10,000 plus costs and disbursements, and the judgment was later satisfied.

The plaintiff commenced this action against the defendants to recover the cost of attorney's fees incurred in the action against Vecchio. The complaint, containing causes of action to recover damages for prima facie tort, negligence, conspiracy, and conversion, alleges that the defendants' conduct in connection with the refusal to return the deposit money under the contract for the sale of the sailboat was tortious.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. It is well established that a simple breach of contract does not give rise to an action in tort (see *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389). A defendant "may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations" (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316; see *Bellevue S. Assoc. v HRH Constr. Corp.,* 78 NY2d 282, 293; cf. *Sommer v Federal Signal Corp.,* 79 NY2d 540, 550-552; *Banc of Am. Commercial Fin. Corp. v Issacharoff,* 188 Misc 2d 790, 796), but such duty must

"spring from circumstances extraneous to, and not constituting elements of, the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d at 389). The plaintiff failed to show that there was a legal duty imposed upon the defendants independent of the contract itself, or that the defendants engaged in tortious conduct "separate and apart from [their] failure to fulfill [their] contractual obligations" (*New York Univ. v Continental Ins. Co.,* 87 NY2d at 316; cf. *Logan v Empire Blue Cross & Blue Shield,* 275 AD2d 187, 192). Accepting, arguendo, the plaintiff's contention that the defendants wrongfully directed Vecchio to withhold the deposit money from the plaintiff, such conduct constituted a breach of their contractual obligation to return the money, rather than a tort. Moreover, the undisputed facts establish that Vecchio was the sole escrow agent under the agreement, and the plaintiff did not allege facts sufficient to support his contention that the defendant Paul T. Engel had an independent fiduciary duty as an escrow agent (*see Univec, Inc. v American Home Prods. Corp.,* 265 AD2d 403).

The plaintiff's remaining contentions are without merit. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.