# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1050

CA 11-00535

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

LHR, INC., PLAINTIFF-RESPONDENT-APPELLANT,

V                                              MEMORANDUM AND ORDER

T-MOBILE USA, INC. AND SUNCOM WIRELESS OPERATING
COMPANY, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS.

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (B. KEVIN BURKE, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

SCHRÖDER, JOSEPH & ASSOCIATES, LLP, BUFFALO (LINDA H. JOSEPH OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 1, 2010. The order, among other things, denied in part the motion of defendants to dismiss the complaint and denied in part the cross motion of plaintiff seeking leave to amend the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendants' motion to dismiss the negligence cause of action against defendant T-Mobile USA, Inc. and granting that part of plaintiff's cross motion for leave to amend the complaint to add a conversion cause of action against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a debt collection agency and New York corporation, commenced this action seeking damages resulting from defendants' alleged breach of contract and negligence with respect to the sales by defendant SunCom Wireless Operating Company, LLC (SunCom) of delinquent customer accounts to plaintiff. SunCom is a Delaware corporation with a chief executive office in Pennsylvania. In approximately September 2007, SunCom became a wholly-owned subsidiary of defendant T-Mobile USA, Inc. (T-Mobile), a Delaware corporation with retail stores throughout New York State. Defendants moved to dismiss the complaint against SunCom on the ground that Supreme Court lacked personal jurisdiction over SunCom. Defendants also moved to dismiss the negligence cause of action against T-Mobile for failure to state a claim pursuant to CPLR 3211 (a) (7). Plaintiff thereafter cross-moved for, inter alia, leave to amend the complaint to add causes of action for conversion and intentional interference with contract against T-Mobile.

On appeal, defendants contend that the court erred in denying that part of their motion to dismiss the complaint against SunCom. We reject that contention. Pursuant to New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). Plaintiff does not allege that the court acquired personal jurisdiction under the "transacts any business within the state" clause of the long-arm statute, but rather it contends that personal jurisdiction was acquired because SunCom "contract[ed] . . . to supply goods or services" in New York (*id.*). We agree with the court that, under the circumstances of this case, SunCom's sales to plaintiff of delinquent customer accounts (hereafter, accounts) render it subject to the court's jurisdiction (*see generally People v Concert Connection*, 211 AD2d 310, 315, *appeal dismissed* 86 NY2d 837). Here, the 28 purchase agreements executed by plaintiff and SunCom that are the subject of the breach of contract causes of action provide that "[a]ll [a]ccounts shall be delivered to [plaintiff] by [SunCom] simultaneously with the payment of the [p]urchase [p]rice" and that SunCom "shall provide . . . to [plaintiff] copies of all [r]ecords reasonably requested by [plaintiff]." The contracts therefore contemplated the delivery of goods into New York, the location of plaintiff's chief executive office. Further, plaintiff submitted evidence in opposition to the motion demonstrating that the information pertaining to the accounts and all records relating thereto were delivered via email to plaintiff's office in New York.

We agree with defendants, however, that the court erred in denying that part of their motion seeking to dismiss the negligence cause of action against T-Mobile (*see generally Makuch v New York Cent. Mut. Fire Ins. Co.*, 12 AD3d 1110, 1111; *East Meadow Driving School v Bell Atl. Yellow Pages Co.*, 273 AD2d 270), and we therefore modify the order accordingly. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389; *see IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 152 AD2d 451, 453). Although a "defendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316), such "duty must spring from circumstances extraneous to, and not constituting elements of, the contract" (*Clark-Fitzpatrick, Inc.*, 70 NY2d at 389; *see D'Ambrosio v Engel*, 292 AD2d 564, *lv denied* 99 NY2d 503).

Here, plaintiff alleged that T-Mobile, as a successor to the purchase agreements, breached those agreements by failing to provide plaintiff with documents necessary to verify its debt. Plaintiff further alleged that, regardless whether T-Mobile is a party to those agreements, T-Mobile is liable in tort on the basis that it had a duty pursuant to the federal Fair Debt Collection Practices Act ([FDCPA] 15 USC § 1692 *et seq.*) to preserve and retain such documents. We agree with defendants that there is no such duty under the FDCPA. The

purpose of that statute is to safeguard consumers from abusive practices by debt collectors (*see* 15 USC § 1692 [e]).  Contrary to plaintiff's contention, the statute does not impose a duty on creditors to ensure that debt sold or otherwise transferred to a debt collector is in fact collectable.  In the absence of the documents necessary to verify the debt purchased from SunCom, plaintiff may indeed be unable to collect such debt.  Any duty to preserve and produce documents necessary to verify the debt sold to plaintiff, however, springs from the purchase agreements, not the FDCPA.  Thus, "plaintiff failed to show that there was a legal duty imposed upon [T-Mobile] independent of the contract itself, or that [T-Mobile] engaged in tortious conduct 'separate and apart from [its alleged] failure to fulfill [its] contractual obligations' " (*D'Ambrosio*, 292 AD2d at 565, quoting *New York Univ.*, 87 NY2d at 316).

We agree with plaintiff on its cross appeal that the court abused its discretion in denying that part of plaintiff's cross motion seeking leave to amend the complaint to assert a cause of action for conversion against T-Mobile, and we therefore further modify the order accordingly.  "Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198, *amended on rearg* 41 AD3d 1324 [internal quotation marks omitted]; *see* CPLR 3025 [b]).  "To establish a cause of action in conversion, the plaintiff must show legal ownership *or an immediate superior right of possession* to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Five Star Bank v CNH Capital Am., LLC*, 55 AD3d 1279, 1281 [internal quotation marks omitted and emphasis added]).  Here, although plaintiff does not own the account records maintained by SunCom or T-Mobile, the purchase agreements specifically provide that SunCom "*shall provide*, at no cost to [plaintiff], copies of all [r]ecords reasonably requested by [plaintiff]" and that, "[i]n the event that [those r]ecords . . . are not available for a particular [a]ccount, [SunCom] *will give* [plaintiff], in lieu of such [r]ecords, a duly executed and notarized [a]ffidavit of [d]ebt" (emphasis added).  Further, plaintiff alleged that T-Mobile failed or refused to deliver those documents to it upon request.  We therefore conclude that plaintiff alleged sufficient facts to state a cause of action for conversion.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court