ing the parties, is not preserved for our review (*see* CPL 470.05 [2]) and that, in any event, defendant's contention is without merit (*see* CPL 310.30; *People v Contrero*, 232 AD2d 213 [1996], *lv denied* 89 NY2d 1090 [1997]). I also agree that defendant was entitled to a hearing on the amount of restitution (*see People v Gazivoda*, 68 AD3d 1346, 1347 [2009], *lv denied* 14 NY3d 840 [2010]). Therefore, I would modify the judgment by vacating the amount of restitution ordered and, as modified, I would affirm the judgment and remit the matter to County Court for a hearing to determine the amount of restitution. Present— Smith, J.P., Peradotto, Carni, Sconiers and Martoche, JJ.

■ STEVEN M. TUDISCO et al., Appellants, v CARL DUERR et al., Respondents. (Appeal No. 1.) [932 NYS2d 400]—

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.

■ STEVEN M. TUDISCO et al., Appellants, v CARL DUERR et al., Respondents. (Appeal No. 2.) [933 NYS2d 140]—

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the amount of $41,000 awarded on the first counterclaim and substituting therefor the amount of $35,100, vacating the award of attorneys' fees, reinstating the fourth and fifth causes of action in accordance with our decision herein concerning the amount paid on the promissory note and granting plaintiffs judgment on liability for those causes of action, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for, inter alia, the alleged conversion by defendants of several pieces of construction equipment, includ-