# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**301**

**CA 13-01384**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

HILLCREST HOMES, LLC, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ALBION MOBILE HOMES, INC., DOING BUSINESS AS
HERITAGE ESTATES AND RICHARD DECARLO,
DEFENDANTS-RESPONDENTS.

---

CROPSEY & CROPSEY, ALBION (CONRAD F. CROPSEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (JAMES W. KILEY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered November 1, 2012. The order, among other things, granted defendants' motion to dismiss plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking dismissal of the 45th cause of action and reinstating that cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia, conversion and violations of Real Property Law § 233, and sought damages and injunctive relief. Plaintiff purchased a manufactured home from a tenant of defendants' manufactured home park on September 28, 2009. The tenant had a month-to-month lease with defendants, and plaintiff did not request or apply to become a tenant of defendants' park. Instead, plaintiff sought to remove the manufactured home in November and December 2009 but, before it could do so, it was instructed to leave by defendants because plaintiff had not paid the storage fees or the refundable security deposit required by defendants. Lyman Rice, Inc., doing business as Rice Homes (Lyman), a corporation related to plaintiff, commenced an action against defendants seeking relief similar to that sought by plaintiff, and we affirmed the dismissal of the complaint on the ground that Lyman lacked standing (*see Lyman Rice, Inc. v Albion Mobile Homes, Inc.*, 89 AD3d 1488). Thereafter, plaintiff commenced the present action, and Supreme Court granted defendants' motion to dismiss the complaint for failure to state a cause of action.

The court properly dismissed all causes of action related to violations of Real Property Law § 233. Real Property Law § 233 is a

comprehensive statute governing the duties and responsibilities of manufactured home tenants and manufactured home park owners (*see Miller v Valley Forge Vil.*, 43 NY2d 626, 629; *Ba Mar v County of Rockland*, 164 AD2d 605, 610-611, *appeal dismissed* 78 NY2d 877, *lv denied* 78 NY2d 982; *Frontier Mgt. Corp. v Homgren*, 154 Misc 2d 526, 527).  Plaintiff sought to recover damages pursuant to section 233 (u) as a manufactured home tenant.  We agree with the court that plaintiff failed to state a cause of action under section 233 inasmuch as plaintiff is not a tenant as defined in the statute.  Real Property Law § 233 (a) (1) defines a "manufactured home tenant" as "one who rents space in a manufactured home park from a manufactured home park owner or operator for the purpose of parking his manufactured home or one who rents a manufactured home in a manufactured home park from a manufactured home park owner or operator."  Here, plaintiff never sought to become a tenant of defendants' park upon purchasing the manufactured home (*see generally* § 233 [i] [1], [3]) but, rather, it intended to remove the manufactured home from the park after the sale.

We agree with plaintiff, however, that the court erred in granting that part of the motion seeking dismissal of the 45th cause of action, for conversion, and we therefore modify the order accordingly.  "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50; *see Tudisco v Duerr* [appeal No. 2], 89 AD3d 1372, 1373; *LHR, Inc. v T-Mobile USA, Inc.*, 88 AD3d 1301, 1304).  We conclude that the complaint alleged sufficient facts to state a cause of action for conversion (*see LHR, Inc.*, 88 AD3d at 1304).  The complaint alleged that plaintiff was the owner of the manufactured home and that defendants interfered with plaintiff's possession of that property by preventing plaintiff from removing the home from defendants' park.  The court dismissed that cause of action on the ground that there was no showing that defendants took ownership of the unit or obtained any benefit from the unit remaining on the property.  We conclude, however, that plaintiff's allegation that defendants interfered with plaintiff's right to possess the property is sufficient to state a cause of action for conversion (*see Colavito*, 8 NY3d at 50), which, contrary to the court's analysis, does not require an allegation, much less a showing, that defendants took ownership of the property or benefitted therefrom.

Defendants contend that plaintiff failed to state a cause of action for conversion because defendants made efforts in March 2010 to have the manufactured home removed from their property once they learned that plaintiff, as opposed to Lyman, was the owner.  Defendants contend that plaintiff cannot seek relief on behalf of Lyman for the events that occurred in late 2009.  We reject that contention.  Lyman was acting as plaintiff's agent or representative when it attempted to remove the manufactured home in late 2009 and was prohibited from doing so by defendants.  To the extent that defendants' conduct was wrongful, we conclude that plaintiff, as the owner of the manufactured home, was the injured party in fact and not

Lyman (*see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772).