■ DONTE BROWN, Appellant, v KRISTAL AUTO MALL CORP., Respondent. [53 NYS3d 180]—

In an action to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 19, 2016, which denied his motion for summary judgment on the issues of liability, actual damages, and lost profits, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant entered into a retail installment contract, providing for the plaintiff's purchase of a vehicle from the defendant on credit. After the plaintiff was given possession of the vehicle, the lender refused to finance the transaction, and the defendant reclaimed possession of the vehicle, returning the plaintiff's down payment and a vehicle he had traded in as part of the deal. The plaintiff thereafter commenced this action to recover damages, including punitive damages, for conversion. The plaintiff moved for summary judgment on the issues of liability, actual damages, and lost profits. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

"[A] claim to recover damages for conversion cannot be predicated on a mere breach of contract" (*Wolf v National Council of Young Israel*, 264 AD2d 416, 417 [1999]; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]; *D'Ambrosio v Engel*, 292 AD2d 564 [2002]; *Priolo Communications v MCI Telecom. Corp.*, 248 AD2d 453 [1998]). Here, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law because he failed to demonstrate that the defendant "engaged in tortious conduct separate and apart from [any alleged] failure to fulfill its contractual obligations" (*New York Univ. v Continental Ins. Co.*, 87 NY2d at 316; *see D'Ambrosio v Engel*, 292 AD2d 564 [2002]). For the same

reason, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint, and the plaintiff failed to raise a triable issue of fact in opposition.

Accordingly, the Supreme Court properly denied the plaintiff's motion and properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.