Jaybar Realty Corp. v Armato (2019 NY Slip Op 06594)





Jaybar Realty Corp. v Armato


2019 NY Slip Op 06594


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-08954
 (Index No. 57692/13)

[*1]Jaybar Realty Corp., et al., appellants,
v
Joseph Armato, et al., respondents, et al., defendants.


Silverberg Zalantis LLP, Tarrytown, NY (Katherine Zalantis and Christie Tomm Addona of counsel), for appellants.
Aboulafia Law Firm, LLC, New York, NY (Jack Glanzberg and Matthew S. Aboulafia of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, and for the imposition of a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 20, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants Joseph Armato, Venetian Contracting, Inc., and Nationwide Contracting Consulting, Inc., which were for summary judgment dismissing the first through third and tenth through thirteenth causes of action insofar as asserted by the plaintiff Jaybar Realty Corp. against them and to dismiss the complaint insofar as asserted by the plaintiff JB Park Place Realty, LLC, on the ground that it lacked standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, Jaybar Realty Corp. (hereinafter Jaybar) and JB Park Place Realty, LLC (hereinafter JB Park), commenced this action against, among others, Venetian Contracting, Inc. (hereinafter Venetian), Nationwide Contracting Consulting, Inc. (hereinafter Nationwide), and Joseph Armato, a principal in both Venetian and Nationwide (hereinafter collectively the defendants), seeking, inter alia, damages for fraud, conversion, and unjust enrichment, and the imposition of a constructive trust. The plaintiffs also alleged civil violations of the federal Racketeer-Influenced and Corrupt Organizations law (hereinafter RICO) and sought to pierce the corporate veils of Venetian and Nationwide and to hold Armato personally liable. The plaintiffs did not allege a breach of contract cause of action.
According to the plaintiffs, Venetian, through its principal Armato, agreed to undertake various repairs to real property owned by Jaybar that had been damaged as a result of a ruptured water main in exchange for obtaining the insurance proceeds payable as a result of the loss. Among other things, the plaintiffs alleged that the defendants did not use the insurance proceeds to repair the property but instead wrongfully benefitted by taking the proceeds for their own uses.
The defendants moved, pursuant to CPLR 3212, for summary judgment dismissing the complaint insofar as asserted against them. They also contended that JB Park lacked standing. [*2]In an order dated July 20, 2016, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the civil RICO causes of action as premature. However, the court granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by JB Park on the ground that it lacked standing, and that branch of the defendants' motion which was for summary judgment dismissing all non-RICO causes of action insofar as asserted by Jaybar against the defendants.
We agree with the Supreme Court's determination that JB Park lacked standing to recover damages on the causes of action asserted by it in the complaint. A court "has no inherent power to right a wrong unless thereby the civil, property or personal rights of the plaintiff in the action or the petitioner in the proceeding are affected" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 50 [internal quotation marks omitted]). Here, the defendants demonstrated, prima facie, that JB Park did not own the subject property or suffer any damage as a result of the defendants' actions, and the plaintiffs failed to raise a triable issue of fact in opposition (see Jacob v Conway, 150 AD3d 973, 974; Xavier Constr. Co., Inc. v Bronxville Union Free Sch. Dist., 143 AD3d 976, 977).
We also agree with the Supreme Court that the written agreement signed by the principals of Jaybar and Venetian on or about October 6, 2011 (hereinafter the Venetian Agreement), constitutes a valid and enforceable agreement. The defendants demonstrated, prima facie, that the " totality of the parties' conduct,' and the objective manifestation[ ] of the parties' intent as evidenced by their expressed words and deeds, establishe[d] as a matter of law the existence of the agreement" (Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 454; see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91). In opposition, the plaintiffs failed to raise a triable issue of fact (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d at 454).
Since the existence of a valid contract governing the subject matter of a dispute generally precludes recovery in quasi contract for events arising out of the same subject matter (see CSI Group, LLP v Harper, 153 AD3d 1314, 1317; Saunders Ventures, Inc. v Catcove Group, Inc., 151 AD3d 991, 995), the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging unjust enrichment insofar as asserted against Venetian and Nationwide (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572). In opposition, the plaintiffs failed to raise a triable issue of fact (see CSI Group, LLP v Harper, 153 AD3d at 1317; Saunders Ventures, Inc. v Catcove Group, Inc., 151 AD3d at 995).
We also agree with the Supreme Court's grant of that branch of the defendants' motion which was for judgment as a matter of law dismissing the cause of action seeking the imposition of a constructive trust insofar as asserted against Venetian and Nationwide. The defendants established, prima facie, both the lack of a confidential or fiduciary relationship between Jaybar and the defendants, and the absence of any promise or misrepresentation by the defendants upon which the plaintiffs relied, by proffering, inter alia, the testimony of Jaybar's president. In opposition, the plaintiffs failed to raise a triable issue of fact (see Mazzei v Kyriacou, 139 AD3d 823, 824-825; Pergament v Roach, 41 AD3d 569, 572).
We also agree with the grant of the branch of the defendants' motion which was for judgment as a matter of law dismissing the cause of action to recover damages for conversion insofar as asserted against Venetian and Nationwide. The defendants demonstrated, prima facie, that they had neither exercised unauthorized dominion over the insurance proceeds at issue nor engaged in conduct separate and apart from contractual obligations that would give rise to a tort cause of action outside of the Venetian Agreement (see Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 824; Brown v Kristal Auto Mall Corp., 149 AD3d 1025, 1025-1026). In opposition, the plaintiffs failed to raise a triable issue of fact.
Similarly, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fraud cause of action insofar as asserted against Venetian and Nationwide by establishing, through the testimony of Jaybar's president, that there were no [*3]misrepresentations made by the defendants that induced Jaybar to enter into the Venetian Agreement, and the plaintiffs failed to raise a triable issue of fact in opposition (see CSI Group, LLP v Harper, 153 AD3d at 1317-1318). Moreover, to the extent that the plaintiffs contend that Venetian never intended to perform its obligations to Jaybar, that argument is precluded by the existence of the Venetian Agreement (see Junger v John V. Dinan Assoc., Inc., 164 AD3d 1428, 1429-1430; Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd., 46 AD3d 747, 749).
Although the defendants failed to show, prima facie, that Armato did not exercise dominion and control over Venetian to commit a wrong or injustice against Jaybar such that the doctrine of piercing the corporate veil is inapplicable on those grounds (see Town-Line Car Wash, Inc. v Don's Kleen Mach. Kar Wash, Inc., 169 AD3d 1084, 1085; Open Door Foods, LLC v Pasta Machs., Inc., 136 AD3d 1002, 1005), as noted above, the defendants established their entitlement, prima facie, to judgment as a matter of law dismissing the non-RICO causes of action insofar as asserted against Venetian and Nationwide. Under these circumstances, where there is no corporate obligation for the plaintiffs to impose on a controlling owner, we also agree with the grant of that branch of the motion which was for judgment as a matter of law dismissing the non-RICO causes of action insofar as asserted against Armato (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 144).
The parties' remaining contentions are without merit or need not be addressed in light of the foregoing.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court