LAWRENCE A. SCOTT, Appellant, v YOUNG LIFE et al., Respondents. [710 NYS2d 279] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this defamation action, plaintiff appeals from an order that granted in part defendants'

motion for summary judgment by dismissing the first and third through ninth and eleventh causes of action. We agree with plaintiff that Supreme Court erred in dismissing the first and sixth through ninth causes of action on the ground of qualified privilege, and thus we modify the order accordingly. By failing to submit any proof in admissible form with respect to those causes of action, defendants did not meet their initial burden of proving qualified privilege with respect to the statements alleged therein, and the burden therefore never shifted to plaintiff to prove that defendants made the statements with malice (*cf.*, *Teixeira v Korth*, 267 AD2d 958).

Contrary to plaintiff's contention, the court properly granted that part of defendants' motion seeking summary judgment dismissing the third and fifth causes of action based on plaintiff's failure to state a cause of action (*see*, CPLR 3211 [a] [7]; *see generally*, *American Food & Vending Corp. v International Bus. Machs. Corp.*, 245 AD2d 1089, 1090, *lv dismissed* 91 NY2d 956). The court properly determined that the statements forming the bases for those causes of action constitute nonactionable statements of opinion rather than statements of fact (*see*, *Gross v New York Times Co.*, 82 NY2d 146, 152-153; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139, *rearg denied* 81 NY2d 759, *cert denied* 508 US 910).

We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.