■ 330 ACQUISITION Co., LLC, Respondent, v REGENCY SAVINGS BANK, F.S.B., Appellant. [761 NYS2d 185] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or

about April 11, 2002, which, to the extent appealed from, granted plaintiff's motion pursuant to CPLR 3211, dismissing defendant's fourth counterclaim for breach of fiduciary duty, unanimously affirmed, with costs.

Defendant in its fourth counterclaim alleges that its predecessor in interest was owed a fiduciary duty by plaintiff's predecessor in interest, both predecessors in interest having participated as obligees in connection with the same loan. As a general matter, banks who participate in loans together are not fiduciaries, but act at arm's length (*see Banque Arabe et Internationale D'Investissement v Maryland Natl. Bank*, 57 F3d 146, 158 [1995]). Any fiduciary duties between banks participating in a loan must be created by "unequivocal language" in the participation agreement (*see Banco Espanol de Credito v Security Pac. Natl. Bank*, 763 F Supp 36, 44-45 [1991], *affd* 973 F2d 51 [1992]). As the motion court found, the governing participation agreement contains no such language. Indeed, the agreement expressly limited the parties' liability to acts of "gross negligence" or "intentional misconduct." This is plainly inconsistent with the creation of a fiduciary relationship, which entails duties of the utmost loyalty and care (*see Meinhard v Salmon*, 249 NY 458 [1928]). The agreement's designation of plaintiff as defendant's attorney-in-fact does not alter the conclusion that the agreement may not be construed to create a fiduciary relationship. The power of attorney accorded plaintiff under the agreement is expressly coupled with an interest and where that is the case, i.e., where the recipient of the power is acting in his own interest as well as that of the grantor, no fiduciary duty arises (*see Northwestern Natl. Ins. Co. of Milwaukee, Wis. v Alberts*, 769 F Supp 498, 508 [1991]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.