M&T Bank Corporation, Respondent, v Gemstone CDO VII, Ltd., et al., Defendants, and Deutsche Bank Securities, Inc., et al., Appellants. [891 NYS2d 578]—

Memorandum: Defendant Deutsche Bank Securities, Inc. (DBSI) contends on appeal that Supreme Court erred in denying that part of the motion of DBSI and Deutsche Bank AG (DBAG) seeking dismissal of the complaint against DBSI, and defendants HBK Investments LP, HBK Partners II LP, and HBK Management LLC (collectively, HBK defendants) contend on appeal that the court erred in denying their motion seeking dismissal of the complaint against them. We conclude that the court should have granted those parts of the motion of DBSI and DBAG with respect to the third, fifth and sixth causes of action against DBSI. In addition, we conclude that the court should have granted those parts of the motion of the HBK defendants with respect to the first cause of action insofar as that cause of action is based upon alleged oral misrepresentations made after February 21, 2007, as well as with respect to the third and fourth causes of action. We therefore modify the order accordingly.

Plaintiff commenced this action against eight defendants seeking to recoup damages in excess of the $82 million it invested in purchasing certain notes that were part of a collateralized debt obligation (CDO) known as the Gemstone CDO VII (hereafter, Gemstone CDO). Those notes were sold to plaintiff by DBSI, which in turn entered into a collateral management agreement with the HBK defendants requiring that those defendants oversee the collateral underlying the notes.

Prior to February 21, 2007, plaintiff was in communication

with both DBSI and the HBK defendants and had received both written and oral information concerning the notes. The written information, including a "Preliminary Offering Circular" and "Debt Investor Presentation," contained numerous disclaimers and advised plaintiff to perform its own due diligence. The notes were comprised of multiple classes or "tranches," i.e., A-1a, A-1b, A-2, B, C, D, and E, pursuant to which each class was subordinate to the class of notes preceding it. Investors purchasing debt in a higher class received greater security but lower interest, while those purchasing debt in a lower class received less security but higher interest. Each class was further distinguished by ratings from Standard & Poor's Ratings Services (S&P) and Moody's Investors Service, Inc. (collectively, Rating Agencies), and the higher classes received higher ratings from the Rating Agencies.

In early 2007, plaintiff contacted DBSI seeking to invest in a mortgage-backed CDO and, on February 21, 2007, plaintiff purchased $42 million in class A-2 notes and $40 million in class B notes. On March 15, 2007, the Gemstone CDO offering closed. That same day, plaintiff received a final "Offering Circular" that contained, inter alia, numerous disclosures and disclaimers related to all of the notes purchased by plaintiff.

As of July 2007, S&P had placed the Gemstone CDO notes on credit watch for potential downgrades and, by December 2007, plaintiff established the market value of its notes at $1.87 million, which constituted more than a 95% loss to plaintiff. Thereafter, plaintiff commenced this action asserting 12 causes of action. The causes of action relevant to this appeal are the first cause of action, for common-law fraud insofar as it is asserted against DBSI and the HBK defendants; the third cause of action, for negligent misrepresentation insofar as it is asserted against DBSI and the HBK defendants; the fourth cause of action, for breach of fiduciary duty insofar as it is asserted against the HBK defendants; the fifth cause of action, for aiding and abetting a breach of fiduciary duty insofar as it is asserted against DBSI; the sixth cause of action, for breach of contract insofar as it is asserted against DBSI; the ninth cause of action, for rescission based on fraud asserted only against DBSI; and the 11th cause of action, for mutual mistake also asserted only against DBSI.

We conclude that the court properly denied that part of the motion of DBSI with respect to the first cause of action inasmuch as the complaint sufficiently alleges fraudulent nondisclosure with respect to DBSI (*see generally Pludeman v Northern Leasing Sys., Inc.,* 10 NY3d 486, 491-492 [2008]; *CPC*

*Intl. v McKesson Corp.*, 70 NY2d 268, 286 [1987]). We further conclude, however, that the court should have granted that part of the motion of the HBK defendants insofar as the first cause of action is based upon alleged oral misrepresentations made by their employee after February 21, 2007, the date of plaintiff's purchase of the notes. Plaintiff could not have purchased the notes based on those alleged oral misrepresentations, and thus plaintiff has omitted a necessary allegation for the first cause of action, i.e., that the alleged oral mispresentations "induced plaintiff to engage in the transaction in question" (*Water St. Leasehold LLC v Deloitte & Touche LLP*, 19 AD3d 183, 185 [2005], *lv denied* 6 NY3d 706 [2006]). Nevertheless, we conclude that the complaint sufficiently alleges fraudulent nondisclosure against the HBK defendants based on their alleged failure to disclose, prior to February 21, 2007, that they had decreased their level of screening and due diligence undertaken to ensure the security of the collateral underlying the notes and that they had withheld certain relevant information from the Rating Agencies (*see generally Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Pludeman*, 10 NY3d at 491-492).

We agree with DBSI that the court erred in denying those parts of its motion seeking dismissal of the third and fifth causes of action against it, and we agree with the HBK defendants that the court erred in denying those parts of their motion seeking dismissal of the third and fourth causes of action against them. Essential to each of those causes of action is the existence of a special relationship of trust or confidence and there is no such special relationship in this case, particularly in light of the facts that the parties had no relationship prior to this arm's length transaction and that offering circulars contained the various limitations and disclaimers (*see generally Wright v Selle*, 27 AD3d 1065, 1066-1067 [2006]; *330 Acquisition Co. v Regency Sav. Bank*, 306 AD2d 154 [2003]; *Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137 [1998], *lv denied* 95 NY2d 762 [2000]). We further note that a party's "unique or special expertise" alone is insufficient to create an issue of fact concerning the existence of a special relationship (*Kimmell v Schaefer*, 89 NY2d 257, 264 [1996]).

We further agree with DBSI that the court erred in denying that part of its motion seeking dismissal of the sixth cause of action against it. Plaintiff was required to set forth in that cause of action, for breach of contract, " 'the provisions of the contract upon which the claim is based' " (*Valley Cadillac Corp.*

*v Dick*, 238 AD2d 894 [1997]), and failed to set forth any such provision.

We have considered the remaining contentions of DBSI and the HBK defendants and conclude that they are without merit. Present—Hurlbutt, J.P., Centra, Peradotto and Pine, JJ.