# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1028**
**CA 11-00729**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

MERRILL LYNCH CREDIT CORPORATION, PLAINTIFF,

               V                                         MEMORANDUM AND ORDER

DOUGLAS P. SMITH, LISA A. SMITH, MARK
CHAMBERLAIN, ALSO KNOWN AS MARK B. CHAMBERLAIN,
ALEXANDRA M. CHAMBERLAIN, ET AL., DEFENDANTS.
-------------------------------------------------
MARK CHAMBERLAIN AND ALEXANDRA M. CHAMBERLAIN,
THIRD-PARTY PLAINTIFFS-APPELLANTS,

               V

INDEPENDENT TITLE AGENCY, LLC, THIRD-PARTY
DEFENDANT-RESPONDENT.

---

THE WOLFORD LAW FIRM LLP, ROCHESTER (VICTORIA SCHMIDT GLEASON OF
COUNSEL), FOR THIRD-PARTY PLAINTIFFS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (HEDWIG M. AULETTA OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered August 19, 2010. The order granted the motion of third-party defendant to dismiss the third-party complaint and denied the cross motion of third-party plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants-third-party plaintiffs, Mark Chamberlain and Alexandra M. Chamberlain, purchased property from defendants Douglas P. Smith and Lisa A. Smith in September 1997. In conjunction therewith, third-party defendant performed a title search on the property and prepared a title abstract in July 1997, which was re-certified at the time of the closing in September. The title abstract, however, failed to list an outstanding mortgage in the amount of $50,000 to secure a loan given by plaintiff to the Smiths in July 1997. In December 2008, plaintiff commenced this mortgage foreclosure action after the Smiths failed to make payments on the loan, and the Chamberlains in turn commenced a third-party action asserting causes of action for fraud, negligent misrepresentation, and breach of contract.

Supreme Court properly granted third-party defendant's motion to dismiss the third-party complaint, on the grounds that the cause of action for fraud did not comply with CPLR 3016 (b) and the remaining two causes of action were time-barred. As a preliminary matter, we reject the Chamberlains' contention that the court committed procedural errors in considering the motion. The court did not convert third-party defendant's motion to dismiss to a motion for summary judgment (*see* CPLR 3211 [c]). Rather, as indicated in the court's August 2009 order and August 2010 decision and order, the court denied third-party defendant's first motion to dismiss without prejudice and with the proviso that it would "re-consider" that motion at the conclusion of discovery. Based on those circumstances, third-party defendant's renewal of its motion to dismiss did not violate the single motion rule set forth in CPLR 3211 (e). Contrary to the Chamberlains' further contention, nothing in CPLR 3211 (e) prohibits a party from moving to dismiss a cause of action based on the statute of limitations after raising that defense in an answer (*see generally Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 326).

With respect to the fraud cause of action, the Chamberlains were required to show " 'misrepresentation of a material fact, scienter, justifiable reliance, and injury' " (*Simmons v Washing Equip. Tech.*, 51 AD3d 1390, 1391). We agree with third-party defendant that the Chamberlains failed to plead the allegations of fraud with sufficient particularity as required by CPLR 3016 (b) (*see Greschler v Greschler*, 51 NY2d 368, 375; *Pope v Saget*, 29 AD3d 437, 441, *lv denied* 8 NY3d 803) and that, "when confronted with [third-party] defendant's motion to dismiss, [they] failed to come forth with any facts or circumstances constituting the claimed fraud as required by law" (*Greschler*, 51 NY2d at 375). Indeed, the Chamberlains' cause of action for fraud merely repeated the allegations for the negligent misrepresentation cause of action and added an allegation that third-party defendant had actual knowledge that its representation was false when made. "This single allegation of scienter, without additional detail concerning the facts constituting the alleged fraud, is insufficient under the special pleading standards required under CPLR 3016 (b)" (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 554, *mot to amend remittitur granted* 66 NY2d 812; *see Empire of Am., Fed. Sav. Bank v Arthur Andersen & Co.* [appeal No. 2], 129 AD2d 990, 991).

With respect to the negligent misrepresentation and breach of contract causes of action, the court properly dismissed them as untimely. Contrary to the Chamberlains' contention, the doctrine of equitable estoppel does not apply. The Chamberlains had to show that they were "induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 449), and that they reasonably relied on third-party defendant's alleged fraud, misrepresentations or deception (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553; *Zumpano v Quinn*, 6 NY3d 666, 674). Here, the Chamberlains have shown no "subsequent and specific actions by [third-party defendant that] somehow kept them from timely

bringing suit" (*Zumpano*, 6 NY3d at 674).