■ PETRA MORTGAGE CAPITAL CORP., LLC, et al., Appellants, v AMALGAMATED BANK, Respondent. [942 NYS2d 786]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 28, 2012, which denied plaintiffs' motion to compel the production of all communications between defendant and its attorneys in a prior legal action, unanimously affirmed, with costs.

Defendant's commencement of an action as plaintiffs' agent pursuant to an "Intercreditor and Servicing Agreement" did not create an attorney-client relationship between defendant's attorney and plaintiffs (*see Bank of N.Y. v River Terrace Assoc., LLC*, 23 AD3d 308, 311 [2005]; *see also In re Colocotronis Tanker Sec. Litig.*, 449 F Supp 828 [SD NY 1978]). Nor were defendant and plaintiffs fiduciaries merely because they participated in the same loans (*see 330 Acquisition Co. v Regency Sav. Bank*, 306 AD2d 154 [2003]).

Plaintiffs failed to demonstrate the applicability of the crime-fraud exception to the attorney-client privilege (*see Horizon Asset Mgt., Inc. v Duffy*, 82 AD3d 442 [2011]; *Galvin v Hoblock*, 2003 WL 22208370, *4-5, 2003 US Dist LEXIS 16704, *12-15 [SD NY 2003]). Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.