# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**97**

**CA 12-01357**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

PATRICE LEONARDI, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF CAYUGA, CAYUGA COUNTY DIRECTOR OF
MENTAL HEALTH KATHARINE O'CONNELL, CAYUGA COUNTY
ASSISTANT DIRECTOR OF MENTAL HEALTH KAREN
KILLIPS, CAYUGA COUNTY MENTAL HEALTH SUPERVISOR
MITCHELL LURYE, CAYUGA COUNTY DIRECTORS OF
HEALTH AND HUMAN SERVICES ELAINE DALY AND SANDRA
GILLILAND, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, DEFENDANTS-RESPONDENTS,
AND CAYUGA COUNTY DIRECTOR OF ADMINISTRATIVE
SERVICES THOMAS CROUNSE, DEFENDANT.

---

CARL J. DEPALMA, AUBURN, FOR PLAINTIFF-APPELLANT.

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (JOHN A. SICKINGER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cayuga County (Thomas
G. Leone, A.J.), entered September 29, 2011. The order, among other
things, granted defendants-respondents' motion to dismiss the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by providing that the complaint is
dismissed without prejudice to the rights of plaintiff to apply to
Supreme Court for leave to serve an amended complaint with regard to
the sixth cause of action, for fraudulent inducement, and as modified
the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter
alia, that defendants fraudulently induced her to accept a promotion,
which resulted in her loss of union protection and other benefits as
well as the imposition of a one-year probationary period. Plaintiff
was subsequently terminated from her new position during that period.
Defendants-respondents (defendants) thereafter moved to dismiss the
complaint for failure to state a cause of action, whereupon plaintiff
withdrew certain causes of action and Supreme Court granted the motion
with respect to the remaining causes of action. As limited by her
brief, plaintiff contends that the court erred in dismissing the cause
of action for fraudulent inducement on the ground that the notice of
claim filed pursuant to General Municipal Law § 50-e was untimely. We

agree.

An action based upon fraud accrues for purposes of General Municipal Law § 50-e when the fraudulent act is committed or when "the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]), whichever occurs later (*see Vilsack v Myer*, 96 AD3d 827, 828; *see generally Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94). If the accrual rule were otherwise, municipalities would have an incentive to conceal the damages and/or injuries stemming from a fraudulent act until the 90-day period under section 50-e had passed, leaving potential plaintiffs with no recourse aside from an application for leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]). Here, plaintiff was unable to assert a cause of action for fraudulent inducement until she sustained damages resulting from the fraud, i.e., when she was terminated from her new position during its probationary period (*see Vilsack*, 96 AD3d at 828; *see generally Kronos*, 81 NY2d at 94). Plaintiff timely served her notice of claim within 90 days of her termination.

Nevertheless, we agree with defendants that there is an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), i.e., that the complaint should have been dismissed because plaintiff failed to plead with sufficient particularity the facts underlying her fraudulent inducement claim as required by CPLR 3016 (b). "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559; *see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486; *Merrill Lynch Credit Corp. v Smith*, 87 AD3d 1391, 1392-1393). In a pleading asserting a cause of action for fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]). "CPLR 3016 (b) is satisfied when the facts suffice to permit a 'reasonable inference' of the alleged misconduct" (*Eurycleia Partners*, 12 NY3d at 559). Inasmuch as plaintiff failed to satisfy the requirements of CPLR 3016 (b), the court properly dismissed the complaint to the extent that it was not withdrawn by plaintiff (*see Simmons v Washing Equip. Tech.*, 51 AD3d 1390, 1391-1392; *cf. Flandera v AFA Am., Inc.*, 78 AD3d 1639, 1640-1641). We note, however, that "[t]he dismissal . . . is without prejudice to an application by plaintiff[] to Supreme Court for leave to serve an amended complaint with regard to th[e] cause of action [for fraudulent inducement]" (*Credit Alliance Corp. v Arthur Anderson & Co.*, 66 NY2d 812, 812), and thus we modify the order to that extent.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court