# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1063/14**
**CA 14-00775**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

M&T BANK CORPORATION, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MCGRAW-HILL COMPANIES, INC., DOING BUSINESS AS
STANDARD AND POOR'S RATINGS SERVICES, STANDARD &
POOR'S FINANCIAL SERVICES LLC, AND MOODY'S
INVESTORS SERVICES, INC., DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

CAHILL GORDON & REINDEL LLP, NEW YORK CITY (FLOYD ADAMS OF COUNSEL),
AND CONNORS & VILARDO LLP, BUFFALO, FOR DEFENDANTS-APPELLANTS
MCGRAW-HILL COMPANIES, INC., DOING BUSINESS AS STANDARD AND POOR'S
RATINGS SERVICES, AND STANDARD & POOR'S FINANCIAL SERVICES LLC.

SATTERLEE STEPHENS BURKE & BURKE LLP, NEW YORK CITY (JAMES J. COSTER
OF COUNSEL), AND ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO, FOR
DEFENDANT-APPELLANT MOODY'S INVESTORS SERVICES, INC.

HODGSON RUSS LLP, BUFFALO (ROBERT J. LANE, JR., OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered January 30, 2014. The order denied the
motions of defendants to dismiss the complaint.

Now, upon the stipulation of discontinuance signed by the
attorneys for the parties on February 19, 2015, and filed in the Erie
County Clerk's Office on February 20, 2015,

It is hereby ORDERED that said appeal taken by defendants McGraw-
Hill Companies, Inc., doing business as Standard and Poor's Ratings
Services, and Standard & Poor's Financial Services LLC is unanimously
dismissed upon stipulation and the order is modified on the law by
granting that part of the motion of defendant Moody's Investors
Services, Inc. seeking dismissal of the second cause of action against
it and dismissing that cause of action against it and as modified the
order is affirmed without costs.

Memorandum: Plaintiff commenced these actions against the credit
agency Moody's Investors Services, Inc. (defendant) seeking to recover
approximately $77 million it lost from its investment in structured
finance securities. In early 2007, plaintiff invested in notes that
were part of a collateralized debt obligation (CDO) known as Gemstone

CDO VII (hereafter, Gemstone CDO) and Cairn Mezz ABS CDO III (hereafter, Cairn CDO).  The Gemstone and Cairn CDOs were collateralized in part by residential mortgage backed securities (RMBS), which were bonds backed by pools of residential mortgage loans.  A substantial portion of the Gemstone and Cairn CDOs were comprised of subprime RMBS.  Each class of notes, or "tranche," purchased by plaintiff received a rating from defendant, a nationally-recognized investment ratings agency.  Defendant was paid by the issuers of the CDOs to provide its opinion on the creditworthiness of the notes.  Defendant gave the Gemstone and Cairn CDO tranches purchased by plaintiff its highest and second-highest ratings. However, commencing in July 2007, the Gemstone and Cairn CDOs suffered multiple downgrades by defendant and, by April 2008, the CDOs defaulted and wiped out almost all of plaintiff's investment.

In a prior action, plaintiff sued various entities involved in the issuance of the tranches of Gemstone CDO (*M&T Bank Corp. v Gemstone CDO VII, Ltd.*, 68 AD3d 1747).  In its present complaints, plaintiff alleged fraud and negligent misrepresentation causes of action against defendant based on its credit ratings with respect to the Gemstone CDO (action in appeal No. 1) and the Cairn CDO (action in appeal No. 2), and Supreme Court denied defendant's motion to dismiss the complaints against it for failure to state a cause of action.

Supreme Court properly denied that part of defendant's motion seeking to dismiss the fraud causes of action against it.  In their complaints, plaintiff alleged, inter alia, that defendant's ratings of the notes were false and misleading and that defendant knew that its ratings were false and misleading.  Plaintiff further alleged that defendant "represented to the public, including [plaintiff], that [its] ratings of the Gemstone [and Cairn] notes were independent, were not affected by conflicts of interest, and were current and accurate, all of which was false and known to be false by [defendant]."

Although statements of opinion generally are not actionable in a fraud cause of action (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 179; *Foot Locker Stores, Inc. v Pyramid Mgt. Group, Inc.*, 45 AD3d 1447, 1448; *Scott v Young Life*, 273 AD2d 922, 923), defendant correctly recognizes that statements of opinion may nevertheless be actionable as fraud if the plaintiff can plead and prove that the holder of the opinion did not subjectively believe the opinion at the time it was made and made the statement with the intent to deceive (*see Rice v Heilbronner*, 272 AD2d 957, 957; *Tolin v Standard & Poor's Fin. Servs., LLC*, 950 F Supp 2d 714, 722; *see generally CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286).  As one court has explained, a fraud claim based on an expression of opinion "is actionable in an appropriate case not because the opinion is 'objectively' wrong. Rather, in an appropriate case it is actionable because the speaker either did not in fact hold the opinion stated or because the speaker subjectively was aware that there was no reasonable basis for it . . . In the first instance, the speaker will have lied as to his or her subjective mental state.  In the second, he or she implicitly would have represented that there was a reasonable basis for the statement

of opinion, knowing that the implicit representation was false" (*IKB Intl. S.A. v Bank of Am.*, 2014 WL 1377801, at *1 [SD NY]; *see Banner v Lyon & Healy, Inc.*, 249 App Div 569, 571, *affd* 277 NY 570).  Here, we agree with defendant that its credit ratings were statements of opinion, not fact (*see e.g. Matter of Lehman Bros. Mtge.-Backed Sec. Litig.*, 650 F3d 167, 183; *Tolin*, 950 F Supp 2d at 722; *Matter of Bear Stearns Mtge. Pass-Through Certificates Litig.*, 851 F Supp 2d 746, 770-771; *see also ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC*, 50 AD3d 397, 398), but we conclude that plaintiff adequately pleaded that defendant did not believe its opinions when it issued the ratings.  Plaintiff set forth in detail the reasons why defendant was aware that the ratings were inflated, including its allegation that defendant failed to follow its own policies and procedures in determining the ratings.

To the extent that plaintiff made allegations regarding defendant's conduct with respect to RMBS and CDOs in general rather than making specific allegations concerning the Gemstone and Cairn CDOs at issue here, we conclude that any further specificity regarding defendant's knowledge of the falsity of its ratings is within the knowledge of defendant and cannot be adequately stated at this juncture of the litigation (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492).  The complaint adequately sets forth allegations upon which there is a "reasonable inference" of fraudulent conduct by defendant in issuing ratings that it did not believe were true (*id.* at 492).

We reject defendant's further contention that plaintiff did not adequately plead justifiable reliance (*see Steinhardt Group v Citicorp*, 272 AD2d 255, 257; *see generally Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559).  Plaintiff alleged that investors in the notes, including itself, would receive and rely on defendant's ratings and ratings communications, and that plaintiff did justifiably rely on those ratings when it purchased the notes.  Plaintiff alleged that it relied on the credit ratings because it did not have access to the same data as defendant nor the capacity or analytical ability to assess the securities.

We agree with defendant, however, that the court erred in denying that part of its motion seeking dismissal of the negligent misrepresentation causes of action against it, and we therefore modify the order in each appeal accordingly.  To establish a claim for negligent misrepresentation based on the allegedly inaccurate credit ratings, plaintiff must allege that "(1) the [defendant] must have been aware that the [ratings] were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party . . . was intended to rely; and (3) there must have been some conduct on the part of the [defendant] linking [it] to that party . . . , which evinces the [defendant's] understanding of that party['s] . . . reliance" (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551, *mot to amend remittitur granted* 66 NY2d 812; *see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 384, *rearg denied* 81 NY2d 955).  "The indicia, while distinct, are interrelated and collectively require a third party claiming harm to

demonstrate a relationship or bond with the once-removed [defendant] 'sufficiently approaching privity' based on 'some conduct on the part of the [defendant]' " (*Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 702-703, *rearg denied* 80 NY2d 918).

The complaints here failed to plead that a special or privity-like relationship existed between plaintiff and defendant (*see M&T Bank Corp.*, 68 AD3d at 1750; *Anschutz Corp. v Merrill Lynch & Co., Inc.*, 690 F3d 98, 114-115).  We reject plaintiff's contention that it was a "known party" under the *Credit Alliance Corp.* test because of the small number of investors purchasing the Gemstone and Cairn CDOs.  "The words 'known party . . .' in the *Credit Alliance* test mean what they say," and if defendant "did not know 'the identity of the specific nonprivy party who would be relying' [upon the credit reports], the complaint falls short of satisfying the *Credit Alliance* test" (*Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370, 373-374).  Here, plaintiff merely alleged that defendant knew that the CDOs would be marketed to a small group of potential investors that *could* include plaintiff, but failed to allege that defendant knew that plaintiff *would* be one of those investors.

Entered:  March 20, 2015                      Frances E. Cafarell
                                              Clerk of the Court