Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered June 5, 2015. The order denied without prejudice the motion of defendants TD Ameri-trade Holding Corporation, TD Ameritrade, Inc., TD Ameri-trade Institutional and TD Ameritrade Clearing, Inc., to dismiss the complaint against them or, in the alternative, to compel arbitration.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion of defendants TD Ameritrade Holding Corporation, TD Ameri-trade, Inc., TD Ameritrade Institutional, and TD Ameritrade Clearing, Inc. is granted and the complaint is dismissed against them.
 

 Memorandum: Plaintiff commenced this action asserting causes of action for fraud, negligence, breach of contract, breach of fiduciary duty, and a violation of General Business Law § 349 against all of the defendants for conduct relating to her investment in a private fund established by Walter Grenda, Timothy Dembski, and Reliance Financial Advisors, LLC (collectively, Reliance defendants).
 

 Defendants TD Ameritrade Holding Corporation, TD Ameri-trade, Inc., TD Ameritrade Institutional, and TD Ameritrade Clearing, Inc. (collectively, TD Ameritrade defendants) moved to dismiss the complaint against them pursuant to CPLR 3211 (a) (1) and (7) or, in the alternative, to compel arbitration.
 

 In support of their motion pursuant to CPLR 3211, the TD Ameritrade defendants submitted an IRA Application, signed by plaintiff, and a Client Agreement, which was incorporated by reference into the IRA Application. By signing the IRA Application, plaintiff appointed the Reliance defendants as “agent and attorney-in-fact... to buy, sell and trade in stocks, bonds and any other securities, and/or contracts relating to the same [in] accordance with the Client Agreement (incorporated by reference) applicable to this account held in [plaintiff’s] name . . . without notice to [plaintiff] .’’Additionally, the IRA Application stated that plaintiff “also underst[oo]d and agree [d] that TD Ameritrade ha[d] no duty or responsibility to monitor trading in [plaintiff’s] accounts by [her] Agent.”
 

 The Client Agreement provided that plaintiff’s accounts with the TD Ameritrade defendants were “self-directed,” plaintiff was “responsible for orders and instructions placed in [her a]c-count,” and that “[a]ny investment decision that [plaintiffl ma[d]e . . . [wa]s based on [her] own investment decisions or those of [her ajdvisor and [were] at [her] own risk.”
 

 Concluding that the motion was “premature” in the absence of discovery, Supreme Court denied it without reviewing the substantive contentions advanced therein. We conclude that the court erred in denying the motion.
 

 Initially, we note that, contrary to plaintiff’s contention, the order is appealable despite the fact that the court denied the motion without prejudice (see Lobello v New York Cent. Mut. Fire Ins. Co., 112 AD3d 1287, 1287 [2013]; see also Gruet v Care Free Hous. Div. of Kenn-Schl Enters., 305 AD2d 1060, 1060 [2003]), and we further conclude that the appeal is timely. Although plaintiff could have moved to dismiss the appeal for failure to perfect within 60 days of service of the notice of appeal (see 22 NYCRR 1000.12 [a]), she did not do so (see generally Matter of Allegany Wind LLC v Planning Bd. of Town of Allegany, 115 AD3d 1268, 1270 [2014]). Thereafter, the TD Ameritrade defendants moved for an extension of time to perfect their appeal, which this Court granted (see 22 NYCRR 1000.13 tfl).
 

 With respect to the cause of action for fraud insofar as asserted against the TD Ameritrade defendants, plaintiff was required to allege “misrepresentation of a material fact, scien-ter, justifiable reliance, and injury” (Merrill Lynch Credit Corp. v Smith, 87 AD3d 1391, 1392 [2011] [internal quotation marks omitted]). Here, plaintiff failed to allege specifically that the TD Ameritrade defendants knew or should have known the monthly statements it sent to plaintiff reported a false or inaccurate value (see id. at 1393), and the allegations were not otherwise pleaded with particularity as required by CPLR 3016 (b). Consequently, we agree with the TD Ameritrade defendants that the court erred in denying that part of the motion seeking dismissal of the fraud cause of action against them for failure to state a cause of action (see CPLR 3211 [a] [7]).
 

 We also agree with the TD Ameritrade defendants that the court erred in denying that part of their motion seeking dismissal of the cause of action for breach of contact against them. “Plaintiff was required to set forth in that cause of action . . . the provisions of the contract upon which the claim is based” (M&T Bank Corp. v Gemstone CDO VII, Ltd., 68 AD3d 1747, 1750-1751 [2009] [internal quotation marks omitted]; see Valley Cadillac Corp. v Dick, 238 AD2d 894, 894 [1997]). While plaintiff broadly alleged that she “had a contract with all defendants to provide prudent financial advice for her benefit” and that the TD Ameritrade defendants were “obligated to have supervisory and compliance procedures in place,” she failed to identify the particular contractual provision that was breached (see CPLR 3211 [a] [7]). In addition, the documentary evidence submitted by the TD Ameritrade defendants, i.e., the IRA Application and Client Agreement, conclusively refutes plaintiff’s allegation that the TD Ameritrade defendants owed any such contractual obligations to her. Consequently, we agree with the TD Ameritrade defendants that the court erred in failing to dismiss the breach of contract cause of action against them (see CPLR 3211 [a] [1]; Sheriff’s Silver Star Assn., Inc. v County of Oswego, 27 AD3d 1104, 1105-1106 [2006], lv denied 7 NY3d 712 [2006]).
 

 With respect to the negligence cause of action, we agree with the TD Ameritrade defendants that plaintiff “failed to show that there was a legal duty imposed upon [them] independent of the contract itself, or that [they] engaged in tortious conduct separate and apart from [their alleged] failure to fulfill [their] contractual obligations” (LHR, Inc. v T-Mobile USA, Inc., 88 AD3d 1301, 1303-1304 [2011] [internal quotation marks omitted]; see D'Ambrosio v Engel, 292 AD2d 564, 565 [2002], lv denied 99 NY2d 503 [2002]; see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]). Thus, we conclude that the court erred in denying that part of the motion seeking dismissal of the negligence cause of action against the TD Ameritrade defendants (see CPLR 3211 [a] [7]).
 

 With respect to the cause of action for breach of fiduciary duty insofar as asserted against the TD Ameritrade defendants, in opposition to the motion, plaintiff clarified that the TD Ameritrade defendants’ fiduciary duty to her arose by virtue of plaintiff having discretionary accounts with them; the IRA Application and Client Agreement conclusively establish, however, that plaintiff’s accounts with the TD Ameritrade defendants were, instead, self-directed. Consequently, the TD Ameritrade defendants owed no fiduciary duty to plaintiff (see Celle v Barclays Bank P.L.C., 48 AD3d 301, 303 [2008]; Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 268-269 [2003]; see also de Kwiatkowski v Bear, Stearns & Co., Inc., 306 F3d 1293, 1311 [2002]; Press v Chemical Inv. Servs. Corp., 166 F3d 529, 536 [1999]). We therefore conclude that the court erred in failing to dismiss the cause of action for breach of fiduciary duty insofar as asserted against the TD Ameritrade defendants (see CPLR 3211 [a] [1]).
 

 We agree with the TD Ameritrade defendants that the court erred in denying that part of the motion seeking dismissal of the cause of action for a violation of General Business Law § 349 against them, but for a reason different from those advanced by them (see generally State of New York v Popricki, 89 AD2d 391, 392 [1982]). We conclude that plaintiff failed to plead that the alleged deceptive acts or practices “affect [ ] the consuming public at large” (New York Univ. v Continental Ins. Co., 87 NY2d 308, 321 [1995]; see generally Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26-27 [1995]), and that failure is fatal to the cause of action.
 

 In light of our determination, we do not reach the parties’ remaining contentions.
 

 Present — Smith, J.P., Carni, Lindley, DeJoseph and NeMoyer, JJ.