Green v National Income Life Ins. Co. (2020 NY Slip Op 07750)





Green v National Income Life Ins. Co.


2020 NY Slip Op 07750


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


658 CA 20-00092

[*1]MARY ANN GREEN, ON BEHALF OF PLAINTIFF AND CLASSES DEFINED HEREIN, PLAINTIFF-APPELLANT,
v
NATIONAL INCOME LIFE INSURANCE COMPANY, DEFENDANT-RESPONDENT. 






EDELMAN, COMBS, LATTURNER & GOODWIN, LLC, CHICAGO, ILLINOIS (TIFFANY N. HARDY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HINSHAW & CULBERTSON LLP, NEW YORK CITY (KYLE M. MEDLEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered July 15, 2019. The order, among other things, granted defendant's motion to dismiss plaintiff's amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff is the beneficiary of an accident insurance policy issued by defendant to her late husband. Plaintiff's husband died in May 2017 after spending 33 days in the hospital. Plaintiff sought $40,000 under the policy's accidental death and dismemberment benefit (accidental death) provision and $18,800 under the hospital confinement benefit (hospital) and intensive care confinement benefit (intensive care) provisions. Defendant paid $40,000 under the accidental death provision, but refused to pay anything under the hospital and intensive care provisions. In doing so, defendant relied on the indemnity reduction clause within the accidental death provision, stating that "[t]he benefit payable under this provision is in lieu of or will be reduced by any other benefits paid under this policy." Plaintiff commenced this action asserting in an amended complaint two causes of action, one for breach of contract and another for violation of General Business Law § 349. Defendant moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court, inter alia, granted defendant's motion, and we affirm.
Contrary to plaintiff's contention, the court properly dismissed the cause of action for violation of General Business Law § 349. "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25-26 [1995]). Here, the court properly dismissed that cause of action pursuant to CPLR 3211 (a) (1) and (7) inasmuch as the policy itself conclusively refutes plaintiff's allegations that defendant committed a deceptive act and conclusively establishes that plaintiff has no such cause of action (see Barrett v Grenda, 154 AD3d 1275, 1278 [4th Dept 2017]; cf. Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326-327 [2002]; see also M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d 798, 800 [2009]). The only reasonable way to interpret the indemnity reduction clause is to determine that, under the policy, plaintiff's recovery is limited to $40,000 (see generally Moore v Liberty Power Corp., LLC, 72 AD3d 660, 662 [2d Dept 2010], lv denied 14 NY3d 713 [2010]). Contrary to plaintiff's contention, the indemnity reduction clause is not ambiguous, nor is it hidden in small print (cf. Schlessinger v Valspar Corp., 21 NY3d 166, 173 [2013]). Indeed, that clause is clearly written and understandable, and it is compliant with Insurance Law
§ 3216 (c) (7). Thus, even accepting plaintiff's allegations as true, as we must in deciding defendant's motion to dismiss (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 570-571 [2005]; Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017]), we conclude that defendant conclusively established that its policy and related promotional materials were not deceptive (see generally Goldman, 5 NY3d at 572; Stutman, 95 NY2d at 31; Citipostal, Inc. v Unistar Leasing, 283 AD2d 916, 918 [4th Dept 2001]). Furthermore, we conclude that the cause of action for violation of General Business Law § 349 was properly dismissed because the policy conclusively establishes that plaintiff has not suffered an injury (see generally CPLR 3211 [a] [1], [7]). Inasmuch as the indemnity reduction clause is enforceable, plaintiff has received all the benefits to which she is entitled (see generally Stutman, 95 NY2d at 29).
Contrary to plaintiff's further contention, the court also properly dismissed the breach of contract cause of action. Inasmuch as the policy permitted defendant to limit plaintiff's recovery to $40,000, the policy conclusively refutes plaintiff's allegations of breach of contract (see CPLR 3211 [a] [1]; Barrett, 154 AD3d at 1278) and conclusively establishes that plaintiff has no such cause of action (see CPLR 3211 [a] [7]; Manchester Equip. Co. v Panasonic Indus. Co., 141 AD2d 616, 617-618 [2d Dept 1988], appeal dismissed 72 NY2d 954 [1988], lv denied 73 NY2d 703 [1988]; see generally Stanford v National Grange Ins. Co., 64 F Supp 3d 649, 658 [ED Pa 2014]).
We have reviewed plaintiff's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court