Pasquale Condominium Bd. of Mgrs. v 1094 Group, LLC (2022 NY Slip Op 04444)

Pasquale Condominium Bd. of Mgrs. v 1094 Group, LLC

2022 NY Slip Op 04444

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, AND WINSLOW, JJ.

297 CA 21-00377

[*1]THE PASQUALE CONDOMINIUM BOARD OF MANAGERS AND THE PASQUALE HOMEOWNERS ASSOCIATION, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
1094 GROUP, LLC, 10 ELLICOTT SQUARE COURT CORPORATION, DEFENDANTS-RESPONDENTS, CONCEPT CONSTRUCTION CORP. AND R.E. KRUG CORP., DEFENDANTS-APPELLANTS-RESPONDENTS. (APPEAL NO. 1.) 

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (ELIZABETH A. KRAENGEL OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT CONCEPT CONSTRUCTION CORP.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (AARON W. KNIGHTS OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT R.E. KRUG CORP.
HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 
WOODS OVIATT GILMAN LLP, BUFFALO (WILLIAM ELMER BRUECKNER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeals and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 1, 2021. The order granted the motion of defendants 1094 Group, LLC, and 10 Ellicott Square Court Corporation to dismiss the complaint against them and granted in part and denied in part the motions of defendants Concept Construction Corp. and R.E. Krug Corp. to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendants 1094 Group, LLC and 10 Ellicott Square Court Corporation in part and reinstating the second cause of action against those defendants, and as modified the order is affirmed without costs.
Memorandum: These consolidated appeals arise from a construction project at a residential condominium building in Buffalo. In 2014, defendants 1094 Group, LLC, and 10 Ellicott Square Court Corporation (collectively, Ellicott defendants) commenced an action against defendants Concept Construction Corp. (Concept) and R.E. Krug Corp. (Krug), which was settled by a 2015 settlement agreement that involved all of the parties to this litigation. Plaintiffs then commenced this action against the Ellicott defendants, Concept and Krug, asserting causes of action for breach of contract arising from the settlement agreement, negligence, and unjust enrichment. All defendants moved to dismiss the complaint against them. In appeal No. 1, Concept and Krug appeal, and plaintiffs cross-appeal, from an order granting the Ellicott defendants' motion in its entirety, and granting Concept's and Krug's motions with respect to the negligence and unjust enrichment causes of action but denying their motions with respect to the breach of contract cause of action. The Ellicott defendants also moved to dismiss the cross claims filed against them by Concept and Krug. In appeal No. 2, Concept and Krug appeal from a further order granting that motion and dismissing their cross claims.
In appeal No. 1, we conclude on plaintiffs' cross appeal that Supreme Court erred in [*2]dismissing the negligence cause of action against the Ellicott defendants, and we therefore modify the order in that appeal accordingly. In determining a motion pursuant to CPLR 3211, we must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The negligence cause of action alleges that the Ellicott defendants breached a duty separate from the settlement agreement, and inasmuch as a negligence cause of action may lie based on such allegations (see generally Connecticut N.Y. Light. Co. v Manos Bus. Mgt. Co., Inc., 171 AD3d 698, 699-700 [2d Dept 2019]), and the cause of action adequately states such a claim, that cause of action survives the motion to dismiss (cf. Barrett v Grenda, 154 AD3d 1275, 1278 [4th Dept 2017]; see generally Vassenelli v City of Syracuse, 138 AD3d 1471, 1473-1474 [4th Dept 2016]).
We affirm the remainder of the order in appeal No. 1 for reasons stated in the court's email decision dated February 16, 2021, and we affirm the order in appeal No. 2 for reasons stated in the court's email decision dated August 2, 2021.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court