Stuber v Stuber (2022 NY Slip Op 05641)

Stuber v Stuber

2022 NY Slip Op 05641

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.

729 CA 21-01109

[*1]MELISSA STUBER, PLAINTIFF-RESPONDENT,
v
RUSSELL J. STUBER, DEFENDANT-APPELLANT. 

TRONOLONE & SURGALLA, PC, BUFFALO (JOHN B. SURGALLA OF COUNSEL), FOR DEFENDANT-APPELLANT.
JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered June 24, 2021. The order, among other things, denied defendant's motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed without prejudice.
Memorandum: Plaintiff commenced this action seeking to set aside a property settlement agreement (agreement), which was incorporated but not merged into the parties' judgment of divorce, on grounds of fraud, undue influence, unconscionability, and duress. Defendant appeals from an order that, inter alia, denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7). We reverse.
A movant contending that a pleading fails to state a cause of action pursuant to CPLR 3211 (a) (7) may submit affidavits and evidence to demonstrate conclusively that the plaintiff does not have a cause of action (see Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 88-90 [4th Dept 2015]). Here, plaintiff's vague allegations that defendant failed to make full financial disclosure when the agreement was entered into are belied by the evidence produced in defendant's motion papers. Thus, we conclude that the agreement, together with the evidence submitted by defendant, "flatly contradict[s]" plaintiff's allegations that she was not provided with complete disclosure regarding the subject assets at the time she executed the agreement (Simkin v Blank, 19 NY3d 46, 52 [2012]; see Liberty Affordable Hous., Inc., 125 AD3d at 92; Mesiti v Mongiello, 84 AD3d 1547, 1549 [3d Dept 2011]). Further, "when confronted with defendant's motion to dismiss, plaintiff failed to come forth with any facts or circumstances" supporting her allegations (Greschler v Greschler, 51 NY2d 368, 375 [1980]; see Merrill Lynch Credit Corp. v Smith, 87 AD3d 1391, 1392-1393 [4th Dept 2011]).
Inasmuch as plaintiff only vaguely contended, in response to the motion, that she learned after the agreement was executed that defendant failed to make disclosure of marital financial information and inasmuch as her complaint contains no facts to support those allegations, the complaint also fails to state a cause of action to rescind the agreement based on unconscionability, fraud, or duress and undue influence (see generally Medical Care of W. N.Y. v Allstate Ins. Co., 175 AD3d 878, 879 [4th Dept 2019]; Shah v Mitra, 171 AD3d 971, 973 [2d Dept 2019]; Miller v Allstate Indem. Co., 132 AD3d 1306, 1307 [4th Dept 2015]). Thus, Supreme Court erred in denying defendant's motion insofar as it sought dismissal of the complaint pursuant to CPLR 3211 (a) (7). We therefore reverse the order and dismiss the complaint. We note, however, that the dismissal is without prejudice to an application by plaintiff to Supreme Court for leave to serve an amended complaint (see Leonardi v County of Cayuga, 103 AD3d 1232, 1234 [4th Dept 2013]; see also Credit Alliance Corp. v Arthur Andersen & Co., 66 NY2d 812, 812 [1985]; see generally CPLR 3014, 3016 [b]).
In light of our determination, defendant's remaining contentions are academic (see Shenoy v Kaleida Health, 162 AD3d 1703, 1703 [4th Dept 2018]).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court