Lyman Rice, Inc., Doing Business as RICE HOMES, Appellant, v ALBION MOBILE HOMES, INC., Doing Business as HERITAGE ESTATES, et al., Respondents. HILLCREST HOMES, LLC, Proposed Intervenor-Appellant. [933 NYS2d 471]—

Memorandum: Plaintiff commenced this action alleging, inter alia, conversion, replevin and the violation of Real Property Law § 233 after defendants refused to allow plaintiff to remove a manufactured home from defendants' manufactured home park without first paying a security deposit. Supreme Court properly granted defendants' cross motion to dismiss the complaint and for summary judgment dismissing the complaint on the ground that plaintiff lacked standing. To establish standing, a party must have an injury in fact, i.e., "an actual legal stake in the matter being adjudicated" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772 [1991]; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211-212 [2004]). "A plaintiff generally has standing only to assert

claims on behalf of [itself]" (*Caprer v Nussbaum*, 36 AD3d 176, 182 [2006]). The record establishes that plaintiff lacks standing because Hillcrest Homes, LLC (Hillcrest) owns the manufactured home. Indeed, also before the court was a motion by Hillcrest and plaintiff seeking, inter alia, permission for Hillcrest to intervene in the action and for leave to amend the caption to include Hillcrest as a plaintiff. Contrary to plaintiff's contention, neither the proposed amended complaint nor the affidavits submitted in support of that motion raise a triable issue whether plaintiff had standing. Those submissions merely established that plaintiff is a company related to Hillcrest, a corporation, but that they remain distinct legal entities. "[O]ne [company] will generally not have legal standing to exercise the rights of [an]other associated corporation[ ]" (*Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814, 815 [1985], *affd* 68 NY2d 968 [1986]).

We further conclude that the court did not abuse its discretion in denying the motion of plaintiff and Hillcrest seeking, inter alia, permission for Hillcrest to intervene in the action (*see* CPLR 1012 [a] [2]; 1013). CPLR 1012 (a) (2) allows intervention as of right "[w]hen the representation of the [corporation's] interest by the parties is or may be inadequate and the [corporation] is or may be bound by the judgment." "[W]hether [the proposed intervenor] will be bound by the judgment . . . is determined by its *res judicata* effect" (*Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon*, 61 NY2d 695, 698 [1984]), and here the dismissal of plaintiff's complaint for lack of standing has no res judicata effect on Hillcrest (*see Matter of Citizens Organized to Protect the Envt. v Planning Bd. of Town of Irondequoit*, 50 AD3d 1460, 1461 [2008]; *Kaczmarek v Shoffstall*, 119 AD2d 1001, 1002 [1986]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Martoche, JJ.