■ County of Jefferson, Respondent, v Onondaga Development, LLC, Appellant. [59 NYS3d 203]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered March 25, 2016. The order, among other things, granted plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking partial summary judgment on liability on the third cause of action and summary judgment dismissing the first, second, fifth and seventh counterclaims and the third affirmative defense, and reinstating those counterclaims and that affirmative defense, and as modified the order is affirmed without costs.

Memorandum: In this breach of contract action, defendant appeals from an order that granted the motion of plaintiff, County of Jefferson (County), seeking partial summary judgment on liability on the County's third cause of action, for breach of contract, and for summary judgment dismissing defendant's affirmative defenses and counterclaims. We agree with defendant that Supreme Court erred in granting those parts of the motion with respect to liability on the third cause of action and dismissal of the first, second, fifth and seventh counterclaims and the third affirmative defense. We therefore modify the order accordingly.

In June 2007, the County entered into a "Contract of Purchase and Sale" (contract) with defendant whereby the County would acquire from defendant property needed for a road construction project. In pertinent part, the contract provided that defendant would convey to the County a portion of its property on which a gas station and a trucking depot were located (parcel), and the County would "assemble and convey at closing to [defendant] . . . the abandoned road bed of Fisher Road and the two parcels contiguous to the abandoned road and fronting on NYS Route 12 F as depicted in Schedule 'A' " (assembled property). Upon execution of the contract, the County was to pay defendant a deposit of $200,000, which the parties agreed was the expected cost of demolishing the gas station and trucking depot and remediating any environmental concerns with the parcel. At closing, the County was to deliver the remaining portion of the purchase price as well as "any other documents required by this contract to be delivered," and defendant was to deliver a deed for the parcel and two temporary easements allowing the County to enter defendant's property adjacent to the parcel while the County was building the new road. Although the contract required that defendant demolish the buildings and remediate the parcel by closing, the parties entered into a license agreement granting defendant use of the parcel for the operation of the gas station until January 2008. The "closing of title pursuant to th[e] contract" was to occur on the first day of October 2007 and, in the event that the closing did not occur before the first day of November 2007, there was a liquidated damages provision.

On October 30, 2007, defendant conveyed the parcel to the County and the County paid the remaining portion of the purchase price. It is undisputed that the County did not deliver title to the assembled property, and that defendant did not provide the County with the required easements. Although defendant demolished the trucking depot, defendant failed to

demolish the gas station building or remediate the property after the license agreement expired.

In 2011, the County commenced this action alleging, inter alia, that defendant had breached the contract by failing to complete its obligations before closing. The record on appeal establishes that there were various amendments to the pleadings. The most recent version of the complaint included in the stipulated record on appeal is the amended complaint, which is dated March 13, 2012. The most recent answer included in the stipulated record on appeal is the third amended answer to the second amended complaint. That third amended answer is dated December 5, 2012, and it contains seven counterclaims and eight affirmative defenses.

We note at the outset that many of defendant's contentions concern issues related to Route 57, LLC (Route 57), a separate entity controlled by defendant's principal. Those issues are not properly before us inasmuch as Route 57 is a separate and distinct entity, and defendant does not have standing to assert claims for damages sustained by Route 57 (*see Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814, 815 [1985], *affd* 68 NY2d 968 [1986]; *Lyman Rice, Inc. v Albion Mobile Homes, Inc.*, 89 AD3d 1488, 1488-1489 [2011]). We therefore do not address defendant's contentions related to that separate entity.

We agree with defendant that the court erred in granting those parts of the County's motion seeking partial summary judgment on liability with respect to the third cause of action and summary judgment dismissing the first and second counterclaims. As noted, the most recent version of the complaint included in the record is the amended complaint dated March 13, 2012. Although there is reference in the record to a second amended complaint, that document is not included in the record and our review is thus limited to the third cause of action as it is asserted in the amended complaint. Although the County submitted evidence establishing as a matter of law that defendant breached the contract by failing to demolish the gas station building or to remediate the parcel before either the closing or the expiration of the license agreement, the County also submitted evidence establishing that it failed to convey the assembled property to defendant at closing, and that it did not make that conveyance until October 2012. It is well settled that "a party who seeks to recover damages from the other party to the contract for its breach must show that he himself is free from fault in respect of performance" (*Rosenthal Co. v Brilliant Silk Mfg. Co., Inc.*, 217 App Div 667, 671 [1926]). Indeed, one of the essential elements of a

cause of action for breach of contract is the performance of its obligations by the party asserting the cause of action for breach (*see Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1455 [2014]; *Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 111 AD3d 1374, 1376 [2013], *lv denied* 22 NY3d 864 [2014]). Contrary to the County's contention, defendant has consistently raised the County's failure to deliver title to the assembled property in its third amended answer to the second amended complaint, in opposition to the County's motion and on this appeal. We thus conclude that defendant may properly rely on that alleged failure by the County in contending that the court erred in awarding summary judgment to the County. Inasmuch as the County's own submissions raise triable issues of fact whether it breached the contract at closing, we conclude that the County failed to establish its entitlement to judgment on liability as a matter of law on the third cause of action as well as summary judgment dismissing the first and second counterclaims insofar as those two counterclaims allege damages sustained by defendant only, and not Route 57 (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, the burden never shifted to defendant to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

For similar reasons, we conclude that the County failed to establish its entitlement to summary judgment dismissing the third affirmative defense, in which defendant asserted that it had substantially complied with the contract at the time of the County's breach. Contrary to the County's contention, although defendant abandoned any contentions that the court erred in dismissing the second and fourth through eighth affirmative defenses by failing to address them in its brief (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]), defendant did not abandon its reliance on the third affirmative defense.

We further agree with defendant that the court erred in granting the County's motion insofar as it sought summary judgment dismissing the fifth counterclaim, seeking damages for inverse condemnation and trespass. The County did not specifically address this counterclaim in the affidavits or evidence submitted in support of the motion and thus did not establish as a matter of law either that it did not encroach upon defendant's property or that any encroachment was permissible (*see generally Zuckerman*, 49 NY2d at 562). Nevertheless, attached to the motion was the County's reply to defendant's counterclaims as asserted in the third amended answer to the

second amended complaint. In that reply, the County contended that the fifth counterclaim was invalid based on defendant's failure to comply with the notice of claim requirements of General Municipal Law §§ 50-e and 50-i and County Law § 52. Assuming without deciding that an issue raised only in a reply pleading and not referenced in the supporting affidavit to which it was attached may be viewed as raising a particular ground for dismissal on the motion for summary judgment, we address the merits of that contention inasmuch as the County's contentions present legal issues that could not have been " 'obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram v Capone*, 206 AD2d 839, 840 [1994], quoting *Telaro v Telaro*, 25 NY2d 433, 439 [1969], *rearg denied* 26 NY2d 751 [1970]). On the merits, we conclude that the County's reliance on those statutes is misplaced. "A cause of action sounding in inverse condemnation is not founded in tort, and, therefore, compliance with the notice of claim provisions of General Municipal Law § 50-e [and County Law § 52] is unnecessary" (*Clempner v Town of Southold*, 154 AD2d 421, 425 [1989]).

To the extent that the County contends for the first time on appeal that the encroachment was permissible under the doctrine of lateral support, that contention is not preserved for our review (*see generally Ciesinski*, 202 AD2d at 985), and does not represent a purely legal issue that could not have been " 'obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram*, 206 AD2d at 840, quoting *Telaro*, 25 NY2d at 439).

We again agree with defendant that the court erred in granting that part of the County's motion for summary judgment dismissing the seventh counterclaim, alleging a breach of contract based on the failure to provide access to defendant's property from Route 12 F. The contract specifically provided that the County would provide defendant with certain assembled property "as depicted in Schedule 'A.' " Schedule A, which was attached to the contract, depicted two separate access points from Route 12 F to the assembled property. There is no dispute that, when the assembled property was finally delivered to defendant, there were no access points from Route 12 F. In its motion and on this appeal, the County does not address this counterclaim in any meaningful way. Inasmuch as the County failed to establish as a matter of law that it was entitled to summary judgment dismissing this counterclaim, the burden never shifted to defendant to raise a triable issue of fact (*see generally Alvarez*, 68 NY2d at 324).

Contrary to defendant's contention, however, the court properly granted the County's motion insofar as it sought summary judgment dismissing the third counterclaim, seeking liquidated damages. The liquidated damages provision of the contract provided for such damages in the event that "the closing of title pursuant to th[e] contract ('Closing')" did not occur before the 1st day of November 2007 due to the fault of the County. The contract does not further define "closing," and the only references to "title" in the contract concern title to the parcel. There is no dispute that the parcel was conveyed to the County on October 30, 2007, but the assembled property was not conveyed to defendant until years later. Inasmuch as the County established that the liquidated damages provision was implicated only if there was no "closing of title," that the only property for which a closing of title was required was the parcel, and that the parties did in fact close on the title of the parcel in October 2007, we conclude that the County established its entitlement to judgment as a matter of law dismissing this counterclaim. In opposition to the motion, defendant failed to raise a triable issue of fact.

We further conclude that the court properly granted the County's motion insofar as it sought summary judgment dismissing the fourth and sixth counterclaims, which alleged that the County breached the contract with respect to the grading of the new road adjacent to defendant's property. Although defendant contends that the contract is ambiguous with respect to grading issues, we agree with the County that the contract, including Schedule A, is silent with respect thereto. Defendant's alternative contention that the failure of the contract to address grading allows the court to look beyond the four corners of the document to discern the parties' true intent conflicts with the well-settled principle that "silence does not equate to contractual ambiguity" (*Greenfield v Philles Records*, 98 NY2d 562, 573 [2002]). This is not a case in which "an omission as to a material issue . . . create[s] an ambiguity and allow[s] the use of extrinsic evidence [inasmuch as] the context within the document's four corners [does not] suggest[ ] that the parties intended a result not expressly stated" (*Hart v Kinney Drugs, Inc.*, 67 AD3d 1154, 1156 [2009]). Thus, the County met its initial burden of establishing its entitlement to judgment as a matter of law dismissing the fourth and sixth counterclaims, and defendant failed to raise a triable issue of fact. Based on our determination, we do not address the County's additional contentions supporting the dismissal of the fourth and sixth counterclaims.

Finally, we reject defendant's contention that the court erred

in granting that part of the County's motion for summary judgment dismissing the first affirmative defense, which alleged that the County waived defendant's performance under the contract by failing to provide title to the assembled property at closing. While the County's failure to perform may preclude the County from asserting causes of action for breach of contract, it does not constitute "the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it" (*City of New York v State of New York*, 40 NY2d 659, 669 [1976] [internal quotation marks omitted]). Present—Centra, J.P., Carni, Lindley, Curran and Troutman, JJ.