Matter of Harkenrider v Hochul (2022 NY Slip Op 04526)

Matter of Harkenrider v Hochul

2022 NY Slip Op 04526

Decided on July 12, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, AND WINSLOW, JJ.

586.1 CAE 22-00895

[*1]IN THE MATTER OF TIM HARKENRIDER, GUY C. BROUGHT, LAWRENCE CANNING, PATRICIA CLARINO, GEORGE DOOHER, JR., STEVEN EVANS, LINDA FANTON, JERRY FISHMAN, JAY FRANTZ, LAWRENCE GARVEY, ALAN NEPHEW, SUSAN ROWLEY, JOSEPHINE THOMAS AND MARIANNE VOLANTE, PETITIONERS-RESPONDENTS,
G
v
GOVERNOR KATHY HOCHUL, LIEUTENANT GOVERNOR AND PRESIDENT OF THE SENATE BRIAN A. BENJAMIN, SENATE MAJORITY LEADER AND PRESIDENT PRO TEMPORE OF THE SENATE ANDREA STEWART-COUSINS, SPEAKER OF THE ASSEMBLY CARL HEASTIE, NEW YORK STATE BOARD OF ELECTIONS AND THE NEW YORK STATE LEGISLATIVE TASK FORCE ON DEMOGRAPHIC RESEARCH AND REAPPORTIONMENT, RESPONDENTS-RESPONDENTS. THE PARENT PARTY OF NEW YORK, PATRICK DONOHUE, WILLIAM NOEL, BRIAN ROBINSON, DANYELA SOUZA EGOROV, KEVIN PAZMINO, POOI STEWART, OTIS D. DANNE, JR. AND GAVIN WAX, INTERVENORS-APPELLANTS. 

BRAIN INJURY RIGHTS GROUP, LTD., NEW YORK CITY (RORY J. BELLANTONI OF COUNSEL), FOR INTERVENORS-APPELLANTS. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ANDREA W. TRENTO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS GOVERNOR KATHY HOCHUL AND LIEUTENANT GOVERNOR AND PRESIDENT OF THE SENATE BRIAN A. BENJAMIN.
PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), GRAUBARD MILLER, NEW YORK CITY, AND CUTI HECKER WANG LLP, FOR RESPONDENTS-RESPONDENTS SENATE MAJORITY LEADER AND PRESIDENT PRO TEMPORE OF THE SENATE ANDREA STEWART-COUSINS AND SPEAKER OF THE ASSEMBLY CARL HEASTIE.
BRIAN L. QUAIL, ALBANY, FOR RESPONDENT-RESPONDENT NEW YORK STATE BOARD OF ELECTIONS. 

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered June 1, 2022. The order, inter alia, denied the motion of intervenors-appellants for leave to intervene in this proceeding. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this special proceeding pursuant to article III, § 5 of the New York State Constitution and McKinney's Unconsolidated Laws of NY § 4221 (L 1911, ch 773, § 1) seeking judicial review of the recent reapportionment and redistricting by the legislature based on the 2020 federal census. The Court of Appeals determined that the process by which the congressional and state senate maps were adopted was procedurally unconstitutional, and the congressional map was substantively unconstitutional as drawn with [*2]impermissible partisan purpose (Matter of Harkenrider v Hochul, — NY3d &mdash, 2022 NY Slip Op 02833, *11 [2022]). The Court of Appeals further remitted the matter to Supreme Court to "adopt constitutional maps with all due haste" (id. at *13), a process that would necessarily include adoption of "a schedule to facilitate an August primary election, allowing time for . . . the completion of the petitioning process" (id. at *12). In a May 11, 2022 order, Supreme Court adopted a ballot access calendar that, in relevant part, moved the period within which to gather signatures on independent nominating petitions from between April 19 and May 31 to between May 21 and July 5. Intervenors, The Parent Party of New York together with several individuals associated in interest, moved for leave to intervene in the proceeding in order to challenge the May 11 order. Intervenors appeal from the order of Supreme Court that, inter alia, denied that motion. We affirm.
Intervenors were not entitled to intervene as of right because they failed to establish that they would be "bound by the judgment" on the basis of res judicata (CPLR 1012 [a] [2]; see Lyman Rice, Inc. v Albion Mobile Homes, Inc., 89 AD3d 1488, 1489 [4th Dept 2011]; see also Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon, 61 NY2d 695, 698 [1984]). Under the circumstances, the court also did not abuse its discretion in denying permission to intervene (see CPLR 1013). The relief sought by intervenors is only collaterally related to the subject of this proceeding, and it was reasonable for the court to conclude that any benefit gained by intervention was outweighed by other factors (see generally Matter of People v Schofield, 199 AD3d 5, 9 [3d Dept 2021]; Lyman Rice, Inc., 89 AD3d at 1489; Matter of Darlington v City of Ithaca, 202 AD2d 831, 834 [3d Dept 1994]).
Entered: July 12, 2022
Ann Dillon Flynn
Clerk of the Court