Xianliang Wang v Barbosa (2023 NY Slip Op 03577)

Xianliang Wang v Barbosa

2023 NY Slip Op 03577

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

182 CA 22-00804

[*1]XIANLIANG WANG, PLAINTIFF-RESPONDENT,
v
STEVEN BARBOSA, DEFENDANT-APPELLANT, AND QUEEN CITY REALTY GROUP, LLC, DEFENDANT. 

THE DANZIGER LAW FIRM, BUFFALO (JACK DANZIGER OF COUNSEL), FOR DEFENDANT-APPELLANT.
ZDARSKY SAWICKI & AGOSTINELLI LLP, BUFFALO (DANIEL J. BOBBETT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered January 19, 2022. The order denied the motion of defendant Steven Barbosa to dismiss the amended complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and Steven Barbosa (defendant) entered into a contract for plaintiff to purchase from defendant eight properties consisting of approximately 33 apartment units. Plaintiff commenced this action seeking, inter alia, specific performance of the contract, damages for breach of contract, and a declaration. Defendant moved to dismiss the amended complaint against him for failure to state a cause of action. Supreme Court denied the motion, and we now affirm.
It is well established that "[w]hen a court rules on a CPLR 3211 motion to dismiss, it 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
Defendant contends that the court erred in denying his motion inasmuch as the contract was cancelled because an addendum to the contract was cancelled. We reject that contention. The contract had an attorney approval contingency, and it is undisputed that attorneys for both parties approved the contract without conditions. The parties subsequently signed an addendum to the contract, but defendant's attorney purportedly disapproved the addendum. The contract provided that any addendum to the contract was contingent on approval by the parties' respective attorneys. The contract further provided that where a party's attorney disapproves an addendum to the contract, the addendum is deemed cancelled, but the contract "shall remain in full force and effect" with two exceptions, neither of which are applicable here. It is well settled that " 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 39 [2018]). Thus, the purported disapproval of the addendum by defendant's attorney merely cancelled the addendum, but not the contract, which remained in full force and effect.
We also reject defendant's further contention that the court should have granted his motion inasmuch as the contract was cancelled even before the parties signed the addendum because plaintiff was in breach of the contract. "The elements of a cause of action for specific performance of a contract are that the plaintiff substantially performed its contractual obligations [*2]and was willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law" (EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 51 [1st Dept 2004], lv denied 3 NY3d 607 [2004], lv dismissed 3 NY3d 656 [2004]; see Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 92 [4th Dept 2015]). Further, "one of the essential elements of a cause of action for breach of contract is the performance of its obligations by the party asserting the cause of action for breach" (County of Jefferson v Onondaga Dev., LLC, 151 AD3d 1793, 1795-1796 [4th Dept 2017], amended on rearg 162 AD3d 1602 [4th Dept 2018]; see Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1031 [4th Dept 2022]).
The allegations in the amended complaint, which must be accepted as true, do not establish that plaintiff was in breach of the contract and that the contract was thereby deemed cancelled. Although plaintiff alleged that he failed to deposit the earnest money and obtain a mortgage commitment within the time required by the contract, he further alleged that defendant waived compliance with or was otherwise estopped from enforcing the time requirements. In addition, plaintiff alleged that defendant never elected to terminate the contract due to plaintiff's failure to meet the deadlines set forth in the contract. Plaintiff alleged that he was ready, willing, and able to perform all the remaining obligations required of him under the contract. Thus, we conclude that the amended complaint, with its attached exhibits, "adequately sets forth causes of action for a declaratory judgment, [specific performance of the contract, and] breach of contract . . . , and defendant's contentions to the contrary raise issues of fact and do not warrant relief under CPLR 3211 (a) (7)" (Tower Broadcasting, LLC v Equinox Broadcasting Corp., 160 AD3d
1435, 1436 [4th Dept 2018]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court