**U.S. Bank N.A. v 145 Allen Legacy Ltd Liability Co.**

2025 NY Slip Op 34414(U)

November 13, 2025

Supreme Court, New York County

Docket Number: Index No. 850259/2025

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. FRANCIS A. KAHN, III**          PART          **32**

*Justice*

------------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
THE REGISTERED HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE SECURITIES,
INC.,MULTIFAMILY MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB57,

INDEX NO.            850259/2025

MOTION DATE

MOTION SEQ. NO.        003 004

Plaintiff,

- v -

145 ALLEN LEGACY LTD LIABILITY CO., SAM WU, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, TRANSIT
ADJUDICATION BUREAU, JOHN DOE, JANE DOE, XYZ
CORPORATION,

**DECISION + ORDER ON
MOTION**

Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 41, 42, 43, 44, 45, 47

were read on this motion to/for                PARTIES - ADD/SUBSTITUTE/INTERVENE        .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68

were read on this motion to/for                JUDGMENT - DEFAULT            .

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a mortgage encumbering a parcel of commercial real property located at 145 Allen Street, New York, New York. The mortgage was given by Defendant 145 Allen Legacy Ltd Liability Co., ("Legacy") and secures a loan with an original principal amount of $2,207,200.00 that is evidenced by a note. The mortgage and note, both dated July 23, 2018, were executed by Defendant Sam Wu, now deceased, as Managing and Sole Member of Legacy. The transaction also included execution of a separate loan agreement. Concomitantly therewith, Defendant Sam Wu executed a guarantee of the indebtedness.

Now, non-party Charles Wu, the alleged son of Sam Wu, moves (Mot Seq No 3) to intervene in this action as a defendant. Plaintiff opposes the motion. Plaintiff moves (Mot Seq No 4) for a default judgment, order of reference and to amend the caption. Non-party Charles Wu opposes the motion.

850259/2025  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED          Page 1 of 5
HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB57 vs. 145 ALLEN LEGACY LTD
LIABILITY CO. ET AL
Motion No.  003 004

1 of 5

CPLR §1012 authorizes a non-party to intervene in an action as a matter of right when, *inter alia*, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR §1012[a][2]) or when "the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR §1012[a][3]). Permissive intervention in the discretion of the court is permitted "when a statute of the state confers a right to intervene in the discretion of the court, or when the person's claim or defense and the main action have a common question of law or fact" (CPLR §1013).

Generally, "[i]ntervention is liberally allowed by courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action" (*Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]). CPLR §1012 authorizes a non-party to intervene in an action as a matter of right when, *inter alia*, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR §1012[a][2]) or when "the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR §1012[a][3]). Permissive intervention in the discretion of the court is permitted "when a statute of the state confers a right to intervene in the discretion of the court, or when the person's claim or defense and the main action have a common question of law or fact" (CPLR §1013). "Distinctions between intervention as of right and discretionary intervention are no longer sharply applied" (*Matter of HSBC Bank U.S.A.*, 135 AD3d 534, 534 [1st Dept 2016]). "In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (*Wells Fargo Bank, Natl. Assn. v McLean*, 70 AD3d 676, 677 [2d Dept 2010]).

Here, by statutory definition, Charles Wu is neither a necessary nor permissive party to this foreclosure action (CPLR §§1311 and 1313). The Mortgagor is a limited liability company, not Sam Wu. Despite Sam Wu's death five years before this action was commenced, Charles Wu failed to demonstrate he is Sam Wu's son, the court appointed fiduciary of his estate or possessed of any interest in Regency. Charles Wu is a stranger to the note and mortgage who demonstrates no interest in the real property (*see US Bank N.A. v Carrington*, 179 AD3d 743 [2d Dept 2020]). As a result, Charles Wu has not shown any actual legal stake in this litigation and can raise no defenses herein (see *Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC*, 173 AD3d 608 [1st Dept 2019]; *Lyman Rice, Inc. v Albion Mobile Homes, Inc.*, 89 AD3d 1488 [4th Dept 2011]).

Turning to Plaintiff's motion, "[a]n applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (*Deutsche Bank Natl. Trust Co. v Silverman*, 178 AD3d 898, 899 [2d Dept 2019]). A plaintiff needs "only [to] allege enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Plaintiff established *prima facie* its entitlement to a default judgment against the Defendants by submitting proof, via the affidavit of Mary Monta Adrovel, a Document Verification Specialist for NewRez D/B/A Shellpoint Mortgage Servicing, as servicer for Plaintiff. Annexed to motion was a copy of a power of attorney demonstrating NewRez's authority to act for Plaintiff (*see eg Deutsche Bank Natl Trust Co v Silverman*, 178 AD3d 898 [2d Dept 2019]).

850259/2025 U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB57 vs. 145 ALLEN LEGACY LTD LIABILITY CO. ET AL
Motion No. 003 004

Page 2 of 5

2 of 5

[* 2]

The affidavit and supporting evidence demonstrated the mortgage, the unpaid note, proof of service on the Mortgagor and purported subordinate lien holders and that each failed to timely appear or answer (*see* CPLR §3215[f]; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599 [1st Dept 2016]; *U.S. Bank Natl. Assn. v Wolnerman*, 135 AD3d 850 [2d Dept 2016]; *see also Deutsche Bank Natl. Trust Co. v Silverman*, supra). However, with respect to Sam Wu, since Plaintiff unquestionably commenced an action against a deceased individual it was a "legal nullity" and any relief sought via the guaranty fails as a matter of law (*see Federal National Mortgage Association v Tudor*, 185 AD3d 905 [2d Dept 2020]). Based on the foregoing determination, non-party Charles Wu lacked any standing to oppose this motion.

Accordingly, it is

ORDERED that non-party Charles Wu's motion (MS# 3) to intervene is denied; and it is further

ORDERED that the branches of Plaintiff's motion (MS# 4) for a default judgment against the non-appearing parties and the appointment of a referee to compute is granted; and it is further

ORDERED that the branch of Plaintiff's motion for a default judgment against Sam Wu is denied; and it is further

ORDERED that **Sofia Balile, Esq., 155 Water Street, Ste. 311, Brooklyn, New York 11201, 646-580-6116** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and examine whether the tax parcel can be sold in parcels; and it is further

ORDERED that if a Defendant appears and contests the amount due, in the discretion of the Referee, a hearing may be held, and testimony taken, otherwise the Referee shall hold no hearing and take no testimony or evidence other than by written submission; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing or is required to perform other significant services in issuing the report, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that plaintiff shall forward all necessary documents to the Referee and to defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED the failure by defendants to submit objections to the referee shall be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that plaintiff must bring a motion for a judgment of foreclosure and sale within 30 days of receipt of the referee's report; and it is further

ORDERED, that the caption of this action be amended to strike the defendants sued herein as fictitious, so that the action is discontinued as against them, all without prejudice to any of the proceedings heretofore had herein or to be had herein; and it is further

ORDERED, that the amended caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE REGISTERED HOLDERS OF
WELLS FARGO COMMERCIAL MORTGAGE
SECURITIES, INC., MULTIFAMILY MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2018-
SB57,

                                  Plaintiff,
          -against-

145 ALLEN LEGACY LTD LIABILITY CO., SAM WU, NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT,
AND TRANSIT ADJUDICATION BUREAU,

                            Defendants.
-----------------------------------------------------------------------X

and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

850259/2025  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB57 vs. 145 ALLEN LEGACY LTD LIABILITY CO. ET AL
Motion No.  003 004

Page 4 of 5

4 of 5

[* 4]

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **March 11, 2026, at 10:40 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 11/13/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | FRANCIS KAHN, III, A.J.S.C. | |
| | | | | HON. FRANCIS A. KAHN III J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☒ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

850259/2025  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB57 vs. 145 ALLEN LEGACY LTD LIABILITY CO. ET AL
Motion No.  003 004

Page 5 of 5

5 of 5